22463. GEORGIA POWER COMPANY *v.* CHAPMAN *et al.*

DECIDED FEBRUARY 11, 1933. REHEARING DENIED MARCH 1, 1933.

JENKINS, P. J. Georgia Power Company, a corporation chartered under the laws of Georgia, sought to condemn an easement for a right of way across certain lands in Campbell, now Fulton county, belonging to the defendant Mrs. D. Chapman and defendant J. M. Chapman, under the Civil Code (1910), §§ 5206 et seq., for the purpose of constructing, operating, and maintaining a transmission line or lines, and protecting the same and keeping the said right of way clear of trees and other incumbrances or obstructions, and for the uses necessary for such purposes; the amount of interest sought to be condemned being an easement for a right of way across

said land, with the right to erect and maintain towers, frames, or poles, and stretch wires for the transmission of electric energy from one tower to another and across the land, and to enter upon such right of way to inspect, rebuild, renew, repair and operate such fixtures and appliances, and a notice to this purpose was served upon each of the defendants respectively. Assessors were duly appointed, and they selected a third. The assessors, as disclosed by the judgment in the appeal case hereinafter referred to, awarded to the defendant Mrs. D. Chapman and the defendant J. M. Chapman a total sum of $5250; and from this award appeals were taken to the superior court of Fulton county. When the appeals were called for trial in the superior court, the two proceedings were, by consent of counsel and order of court, consolidated; and the jury found for J. M. Chapman the sum of $4250 for the right of way and $4250 for consequential damages to the remaining property, and judgment was entered accordingly; whereupon the power company made a motion for a new trial, which was overruled, and it excepted.

1. In the second special ground of the motion for new trial complaint is made that the court erred in charging the jury as follows: "In estimating its value, all the capabilities of the property and all the uses to which it may be applied or for which it is adequate are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner." The grounds of this complaint are that the said charge is too broad in its scope and does not limit the estimation of value to *the evidence before the jury,* but would allow the jury to use its imagination in considering capabilities and possibilities of the property, independently of the evidence. The movant admits in its brief that this excerpt is correct as an abstract principle of law; and so it is under *Central of Georgia Power Co.* v. *Mays,* 137 *Ga.* 120 (72 S. E. 900); and see *City of Atlanta* v. *Nelson,* 142 *Ga.* 324, 325 (5) (82 S. E. 899). In the charge just a little before the above excerpt the court instructed as follows: "There are two elements of damages involved in this case for your consideration and determination: first, is the market value of the property actually taken. In determining this, the nature and character of the property, its suitability, its availability for different uses, and all the facts which may be *disclosed by the evidence* tending to throw light upon its market value, may be taken into consideration, and, from all of them, the jury

may arrive at what is the fair market value of the property taken at the time of the taking. We hold that the consideration of the facts and circumstances suggested in this ground was limited to the evidence actually introduced, relative to the uses to which the property might be put, and that, therefore, this ground of complaint is not good.

2. In the tenth special ground of the motion for a new trial complaint is made that the court erred in rejecting tax returns of the defendant in Campbell county, covering the property across which the right of way being condemned ran, for the year 1928; such return having been offered by the plaintiff as showing the relative value put upon his property by defendant before and after the erection of the transmission line in 1927; the returns of 1926 and 1927 having been received in evidence without objection. It appears from the brief of oral testimony that Wilson, a witness for defendant, testified to the fact that he was delegated by the defendant to prepare and make defendant's tax returns for the year 1928; that "we tried to make a reduction in the tax returns the year following the construction of the power line, and the assessors would not let it stand." The record shows that the power line was constructed in the year 1927. We are of the opinion that the evidence other than the return for 1928, which was excluded, was sufficient to authorize the conclusion that the return of that year was the same as that of the year before, 1927; and in view of the fact that the return of 1927 was in evidence, the exclusion of the return of 1928 was harmless.

3. In the eleventh ground complaint is made that the court erred in allowing one Virgin to testify on cross-examination as shown in the following colloquy: "Question: Is the Chapman property the first open property south of College Park which might have been available, on that principle of location, for the location of this line? Plaintiff's counsel: I do not think that is admissible. The sole question involved in the issue before the jury is the value of this land, not why this line was located here nor why it was not located in another place. Witness: I think possibly there is one other place between there and Atlanta, through the Kyne property, where you have got an opening there. However, I was not the locating engineer on that: I don't know." We think that the objection to this testimony, on the ground that what was sought by the ques-

tion was irrelevant and immaterial, was rendered ineffectual by the fact that the witness finally answered: "I don't know;" furthermore, this assignment is incomplete for the reason that it is not disclosed what was "that principle of location" mentioned in the question.

4. In ground 12 complaint is made that the court erred in allowing one Longino, witness for the defendant, to testify, over objection, to the general effect that "He (Chapman) has an idea of going in there and putting in a modern village, with the idea of interesting home seekers out there; knowing what he told me in the past with reference to what he hoped to do with the property and how he felt with reference to it—I don't suppose how he feels with reference to the damage is for me to say—but I know that he undertook to get the survey made in a different direction that would eliminate his property from the power line; and I arrived at the consequential damages as being an equal amount to the value of the land, after giving the matter very serious consideration." The objection to this testimony was as follows: "I move to exclude the statement of the witness, for the reason that he has disclosed that his method of arriving at his opinion was based upon sentimental value rather than upon actual or practical value; and for that reason disqualifies the testimony, and for that reason I move to strike it from the record." While the movant made further contentions, in his grounds for a new trial, to the effect that such testimony was based upon hearsay, that it would allow the jury to consider whether or not Chapman wanted the right of way on his lands, and his feelings with reference thereto, it appears that the only objection to this testimony was as above stated. The court ruled as follows: "I think the true rule is general, that if he has an opinion as to what the consequential damages are, if any, he can give it; and he can give his reasons, providing his reasons are based on financial considerations." As to the plight in which this testimony was left by this ruling, it is not clear; but from all that occurred, as above set forth, in the presence of the jury, we are of the opinion that, reasonably interpreted, the testimony thus delivered was to be restricted in the minds and consideration of the jury, in passing upon the testimony, to "his reasons (which) are based on financial considerations;" and, accordingly, the objection as stated was correctly disposed of by the court; and no error is discovered in this ground.

5. In ground 12 (the second of that number) complaint is made that the court erred in allowing, over objection, one Cruse, a witness for defendant, to testify in general as follows: "Question. You are familiar with the market prices of land there in 1927? Answer: Why, I know what they said it was worth; yes, sir. Q. Did you know the Chapman land at that time? A. Yes, sir. Q. Assuming that there was 435 acres in that tract, some of it on the east side and some on the west side of the railroad, what would you say was the market value? A. About $600 an acre." The only objection made is stated as follows: "I object to the question and answer on the ground that the witness has not qualified." The ruling of the court was as follows: "As I understand the rule, most anybody can testify as to the value of land if he has got any sort of an idea; but the weight of his testimony, the jury will take into consideration all the facts and circumstances." Certain other contentions are made in connection with this ground, to the effect that the testimony was based on hearsay, and that the witness showed that he was not qualified to give any opinion as to value, by saying, "Why, I know what they said it was worth; yes, sir;" but it appears that the only objection made at the time was as above specifically set forth. This was not the only testimony as to the value of the land; the court instructed that it was left to the jury to consider the testimony, under all the facts and circumstances, the weight to be accorded to the testimony being left to them. In view of these considerations we do not think there was error here.

In view of the testimony as to the value of the premises and the uses to which it might otherwise have been put, we are unable to hold, as a matter of law, that the verdict was excessive to such an extent as to indicate that it was the result of prejudice or bias on the part of the jury.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*