28951. COLE v. PEPSI-COLA BOTTLING COMPANY.

Decided June 21, 1941.

John B. Morris, for plaintiff.

Watkins & Prince, J. H. & Emmett Skelton, Carey Skelton, A. S. Skelton, for defendant.

Sutton, J. Guy Cole, by next friend, instituted an attachment proceeding against Pepsi-Cola Bottling Company, and thereafter filed a declaration in the superior court in aid of the attachment proceeding, seeking to recover damages because of injuries sustained by him on account of the alleged negligence of the defendant. It was alleged that the defendant, a corporation, was and is a bottler and distributor of a certain carbonated beverage known as "Pepsi-Cola," and under a pressure system charges carbonated water made of carbonic acid gas into a glass bottle in which has been placed certain ingredients of Pepsi-Cola syrup, and that said corporation bottles such beverage into a glass bottle the minimum contents of which are twelve fluid ounces, and that each of said bottles weighs about or in excess of one pound, and that the bottles are capped with an automatic capping machine so as to make them air tight; that after they are so charged with carbonated water and capped as herein alleged they are placed in a case as a salable product and

sold as a beverage to retail dealers; that said corporation sells and distributes the bottles and contents thereof to various retail dealers throughout the territory where the defendant's plant is in operation; that the Pepsi-Cola beverage is sold to the general public as a healthful and harmless drink, being distributed by the defendant, its officers and agents, to various retail dealers, and that it advertises said Pepsi-Cola as a refreshing, healthful, sparkling, bracing beverage, thus inviting the general public to the use of the same; that one of the said crates, bottled and charged as herein described, was delivered to the place of business of one T. H. White, having been brought from Anderson, South Carolina, by one Craft, an employee of the defendant, the bottles having been handled only by employees of the defendant and having been placed by said employees in the place of business of said White, proprietor of a restaurant located in the City of Hartwell, Georgia; that to the best of the information and belief of the plaintiff the bottles were bottled and prepared for sale to the general public at the place of business of the defendant in Anderson, South Carolina, at which plant the bottles were prepared as a beverage suitable for the use of the general public; that the said T. H. White procured the crate of Pepsi-Cola from the employees of the defendant, and the Pepsi-Cola was deposited in said bottles in a certain ice box located on the premises at the place of business of the said White, and was being offered for sale in said manner to the general public on the 14th day of June, 1938; that on the day named the plaintiff was employed as a helper in the place of business of White and was working in his store on the date herein set out, which store keeps and offers for sale certain beverages for the use of the general public, among them being the Pepsi-Cola bottled by the defendant, and said Pepsi-Cola is purchased exclusively from the defendant for resale, deliveries being made to said store by employees of the defendant by truck operating out from the Anderson, South Carolina, bottling plant of the defendant; that the Pepsi-Cola is unloaded and stacked in the place of business of the said White, and said Pepsi-Cola was unloaded and stacked in the place of business and was being offered for sale by said store on the date herein alleged, the delivery of the Pepsi-Cola having been previously made; that on said date of June 14, 1938, the plaintiff, being then and there employed as a general helper on the premises of the said White's store,

had transferred some of the Pepsi-Cola, with others working in the store, from the crates wherein the same had been stacked by the employees of the defendant to an ice box located on said premises for the purpose of sale to the general public as ice-cold Pepsi-Cola; that said ice box had two compartments, one of which is used for the storage of bottled drinks of the said store, and the other containing a receptacle for the storage of ice; that on the day alleged the plaintiff, with the assistance of the said White, joint operator of the said place of business, had opened the ice-box lid for the purpose of packing ice around and about the bottles containing Pepsi-Cola, the plaintiff being at the time in a leaning position over the ice box, when suddenly and without warning one of the bottles of Pepsi-Cola, containing the product sold by the defendant, violently and suddenly exploded, a large and sharp piece of glass flying upwards and from said bottle, and propelled by the force of the explosion struck the left eye of the plaintiff and injured him in described particulars; that said bottle was not handled by others than employees and agents of the defendant except as herein alleged, and the plaintiff exercised ordinary care in handling the bottle, as did all other employees in said store; that the plaintiff did nothing to cause the explosion of said bottle, but exercised all caution to prevent the same, and the explosion was caused by the negligence of the defendant, its agents, and employees, which negligence was the proximate cause of the plaintiff's injuries. It was alleged that the defendant was negligent: (a) in that it charged said bottle containing carbonated water, or carbonic acid gas, and the contents of the Pepsi-Cola syrup with too high a pressure on the bottle; (b) that said bottle was dangerously and highly charged with carbonated water or carbonic acid gas; (c) in placing on sale a bottle of the said beverage so highly charged and so dangerously charged with carbonated water as to cause a sudden and violent explosion of the same; (d) in failing to use the proper care in charging the bottle with an excessive quantity of carbonated water, which bottle, if it had been properly charged, would not have exploded; (e) in placing on sale and allowing to be placed on sale a bottle which was insufficient and incapable of withstanding the force of the charge of carbonated water or carbonic acid gas; (f) in failing to properly inspect the bottle and discover whether it was fit for use as a Pepsi-Cola bottle; (g) in inspecting the bottle and in failing to properly

ascertain whether or not it was unfit for the purpose used; (h) in failing to make the proper inspection of the bottle or test the same to determine whether or not it was dangerously and excessively charged with carbonated water and whether or not it was dangerous to the general public; (i) the defendant advertised and sold its beverage as a harmless and refreshing drink and was negligent in bottling and placing on the market, for the purpose of sale, the bottle which was excessively and dangerously charged with explosive gas, the bottle being in a defective condition and not being strong enough to withstand said charge.

On the trial of the case the jury returned a verdict in favor of the defendant. The plaintiff filed a motion for new trial on the general grounds and several special grounds. The court overruled the motion, and the exception here is to that judgment.

█ Special ground one of the motion for new trial assigns error on a purported excerpt of the charge of the court. The language quoted does not, however, appear in the charge in immediate sequence, but is an assembly of parts of the charge out of proper relation to the context in which used, and in part in reverse order in which used, and mixed with language which constitutes instructions as to legal principles applicable to issues under the contentions of the plaintiff is other language which refers merely to contentions of the defendant as to exercising ordinary care and representing a separate and distinct instruction of the court as given to the jury in another context. This assignment of error is without merit. All of the quoted language, when placed in its proper relation within the charge, is not subject to any objection urged by the plaintiff in error.

█ The court charged the jury as follows: "If you find that the defendant company has exercised ordinary care in the transaction under investigation, then there can be no recovery, regardless of whether the bottle broke or exploded, and regardless of whether the plaintiff was injured as complained of. Manufacturers of food and drink in this State are not insurers of their products, but they must exercise ordinary care and diligence in the preparation and distribution to their trade. And in this case if you find that the defendant has used this ordinary care there can be no recovery. The mere fact that the bottle burst would not authorize you to find a verdict against the defendant unless you further find that the

defendant was negligent, lacking in care in one or more of the ways set out in the petition. . . If it has not been satisfactorily shown to you what caused the bursting or explosion of the bottle in question, and if the cause of its bursting remains a mystery to you, unless it has been shown to your satisfaction that the bottle burst because of the alleged negligence of the defendant, there can be no recovery." Error is assigned on the grounds that the court unduly stressed the contentions of the defendant, and that the charge was argumentative and invaded the province of the jury, in that it had the effect of withdrawing from the consideration of the jury the doctrine of res ipsa loquitur, about which the court had previously charged the jury, and which if applied set up an inference of negligence against the defendant "and precluded the question of ordinary care from the minds of the jury, the only issue in such case being as to whose negligence it was that caused the injury," and that for this reason the charge was confusing and misleading to the jury.

The excerpt is not subject to the objection that it unduly stressed the contentions of the defendant. The defendant was entitled to have the court state them to the extent shown, especially in a case of this kind where by proof by the plaintiff of certain facts and circumstances the jury would be authorized to apply, as the court had charged, the doctrine of res ipsa loquitur, and in doing so examine the defendant's evidence to determine whether or not it had exculpated itself from the inference of negligence which the jury might draw. With respect to the other objections urged the following is applicable: One who manufactures and markets a bottled beverage is not, in this State, an insurer of the wholesomeness of the contents or the safety of the bottle, but is bound only to the exercise of ordinary care in respect thereto, and the statement by the court of such rule of law did not amount to an argument. The right of the jury to apply the doctrine of res ipsa loquitur in a given case is not tantamount to relieving the plaintiff of the burden of showing that the defendant has failed to exercise ordinary care towards the plaintiff. The maxim res ipsa loquitur, as was said in *Cochrell* v. *Langley Mfg. Co.*, 5 *Ga. App.* 317, 322 (63 S. E. 244), "has been a prolific inspiration to much useless and wasted juridic erudition," and it was added in the same case: "Practically, as we said in [*Monahan* v. *National Realty Co.*] 4 *Ga. App.*

680 (62 S. E. 127), the doctrine is simply a rule of circumstantial evidence, which permits an inference to be drawn from proved facts. It furnishes a working basis for reasonable hypothetical conjecture, and gives scope for legitimate reasoning by the jury. The philosophy of the doctrine is stated in section 5157 of the Civil Code [Code of 1933, § 38-123] : 'In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter-evidence, may infer the existence of other facts reasonably and logically consequent on those proved.'"

In showing facts and circumstances which permit the jury to find that the casualty or phenomenon was unusual and extraordinary and free from all external causes, and thereupon to apply such doctrine, the plaintiff is merely using a medium, distinct from that involving direct evidence, by which to establish an ultimate fact, and thus undertaking to carry the burden cast on him by law of proving his case by a preponderance of the evidence. The court was correct in charging, and without militating against such doctrine, that the plaintiff could not recover if it was shown that the defendant had exercised ordinary care as pleaded. If the plaintiff, in a case of this kind, shows merely the fact of a bursting bottle, and stops there, he would not make out his case. The explosion may have been caused by accident or by the act of a third party, and not by the negligence of the defendant. The responsibility must be fixed by the jury, and while they may in a proper case apply the doctrine of res ipsa loquitur, it is error for the court to instruct them that they must do so. Where an event "is unusual and extraordinary in its nature, and there is nothing to indicate an external cause, but the peculiar character of the accident is sufficient within itself to indicate that it must have been brought about by negligence on the part of some one, and where the most reasonable and probable inference which can be rationally drawn from the happening of such an event is that it would not and could not have taken place had not the person charged with furnishing or maintaining the instrumentality causing the accident been guilty of the particular acts or omissions set forth by the plaintiff as constituting the actual cause, then the jury is authorized to apply the rule of evidence known as the doctrine of res ipsa loquitur, in determining whether or not the accident must have been thus occasioned." *Atlanta Coca-Cola Bottling Co.* v. *Danneman, 25 Ga.*

*App.* 43 (102 S. E. 542) ; *Atlanta Coca-Cola Bottling Co.* v. *Shipp,* 41 *Ga. App.* 705 (2) (154 S. E. 385) ; *Macon Coca-Cola Bottling Co.* v. *Crane,* 55 *Ga. App.* 573 (190 S. E. 879). "Where an action is brought to recover damages for an injury caused by the explosion of a bottle, the contents of which were manufactured, bottled, and sold by the defendant as a harmless beverage, an inference of negligence on the part of the manufacturer arises, when it is shown that all the persons through whose hands the bottle had passed were free from fault, and that the condition of the bottle and its contents had not been changed since it left the defendant's possession." *Payne* v. *Rome Coca-Cola Bottling Co.,* 10 *Ga. App.* 762 (73 S. E. 1087) ; *Macon Coca-Cola Bottling Co.* v. *Crane,* supra.

There may be evidence before the jury which would authorize them to find that the plaintiff's or some other intermediary's negligence was the cause of the bottle bursting, and in that case the jury would not need to resort to the application of the doctrine of res ipsa loquitur. But if they eliminate, as to negligence, all intermediaries or the fact of an accident, the inference of negligence would rest upon the one who put in circulation the thing which caused the damage, and "In such a case it would be no answer, when the maxim that the thing spoke for itself is invoked, to say that when the injury resulted the thing was not in the possession, power, or control of the manufacturer." *Payne* v. *Rome Coca-Cola Bottling Co.,* supra. Accordingly, if when the plaintiff had made out such a case and rested, and the defendant put up no evidence to exculpate itself, the plaintiff would be entitled to a verdict. But if the defendant introduced evidence to show the exercise of ordinary care on its part in respect to the thing doing the damage, it would be the duty of the jury, if they applied the doctrine of res ipsa loquitur, to determine whether or not the defendant had shown to their satisfaction that it was not negligent as claimed. If the jury find that the defendant has successfully established its defense, it would return a verdict in its favor, but nevertheless the inference of negligence, drawn from the unusual and extraordinary event, would not have been set aside, but would persist for all time, not against the defendant, but against some undisclosed person, notwithstanding the fact, as said by Judge Russell in *Sinkovitz* v. *Peters Land Co.,* 5 *Ga. App.* 788, 795 (64 S. E. 93), the cause of

the occurrence "might still be involved in unsolvable mystery." From the above discussion it is seen that the court, while it charged the jury as to the doctrine of res ipsa loquitur, did not err in also charging that the burden was upon the plaintiff to prove the defendant's negligence by a preponderance of the evidence, and that the plaintiff could not recover if the jury found that the defendant did not fail to exercise ordinary care.

■ Ground three of the motion for new trial sets forth a purported excerpt of the charge of the court which does not represent a distinct and connected instruction of the court, but is a combination of widely-scattered parts of the charge. Accordingly, this ground is without merit and insufficient to call for any ruling.

■ The entire charge of the court, of which complaint is made in special ground four of the motion for new trial, is not subject to any of the objections urged, and in view of what has been stated hereinbefore in the opinion any detailed discussion is deemed unnecessary and unprofitable.

■ The fifth special ground of the motion for new trial assigns error on the admission in evidence of an empty broken bottle as the one which had burst and injured the plaintiff, it being contended by the plaintiff in error that it had not been sufficiently identified. While the evidence in this respect was conflicting, it was sufficient to require submission to the jury of the issue of identity.

■ The evidence on the trial of the case was voluminous, but without entering into any detailed discussion it is deemed sufficient to say that from it the jury was authorized to return the verdict in favor of the defendant. It can not be known whether or not the jury applied the doctrine of res ipsa loquitur. Without doing so they were authorized to find from the testimony of one of the plaintiff's witnesses, who with him was, at the time of plaintiff's injury, about to place some bottled Pepsi-Cola in an ice box in which other bottled drinks were already present, that this witness in moving some of the bottles from one side of the ice box to the other side "jostled" or struck together some of the bottles, and that in this manner one of the bottles was cracked or broken and exploded with resulting injury to the plaintiff. If, however, the jury did not so find, and did not find that the explosion was caused by the plaintiff's negligence or that of any person who handled the bottle after it left the possession of the manufacturer, they were authorized

to apply the doctrine of res ipsa loquitur, and in applying the same to find that the defendant had exculpated itself from any inference of negligence, in that it had used ordinary care and diligence in the manufacture and marketing of its product. There was uncontradicted evidence that it had bought all of its bottles from a very reputable manufacturer, that it employed modern and efficient machinery and equipment in the preparation and processing of its product, and there was evidence that it carefully tested and inspected the bottles which it used and studiously sought to avoid any overcharge. In all respects the jury was authorized to find that in these matters the defendant exercised ordinary care and diligence and an expert witness testified for the defendant that in his opinion the explosion of the bottle was caused from *outside* pressure. While it is properly contended that the evidence showed that the defendant used refilled bottles, these bottles were not such as came from sources unknown to the defendant and about which there was no evidence as to the reliability of the manufacturer or the quality of the bottles, but were all bottles which had been purchased from one source, a manufacturer of high standing, and which were always carefully inspected at each time of refilling. The mere fact of a refilled bottle would not establish its unfitness for use. In *Atlanta Coca-Cola Bottling Co.* v. *Danneman, 25 Ga. App.* 43 (102 S. E. 542), cited and relied on by the plaintiff in error in this respect, it appeared that the bottle had not been purchased from a reputable dealer and was a refilled bottle originally purchased by some bottling concern other than the defendant in that case from persons unknown to the defendant. The defendant sought to exonerate itself from blame by showing that it had exercised ordinary care, in that the bottle had been skilfully and properly charged in accordance with the most approved and scientific process, and that the bottle furnished to the plaintiff did not disclose any inherent defect or weakness, and had been purchased as a sound and suitable article from a reputable dealer, but, in the opinion of the court, the evidence failed to thus account for the particular bottle causing the injury. That case is readily distinguishable on its facts from the present one.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., concurs in the judgment.*