36605. WEST *v.* FULTON COUNTY.

Decided March 15, 1957.

*Frank A. Bowers,* for plaintiff in error.
*Harold Sheats, W. Neal Baird, Paul Anderson,* contra.

Quillian, J. ■ Special ground 1 of the motion for new trial insists that the trial judge erred in allowing evidence as to the purchase price of three other houses. The condemnee asserts that the price at which these houses sold was immaterial and irrelevant to show the value of the property in question and, further, that the three houses about which the witness testified were not property similar to that condemned. The evidence disclosed that: The property being condemned consisted of a house, garage and lot located at 820 Pulliam Street, Atlanta, Georgia; the lot upon which the house was located was 50 feet by 190 feet; it was an eight-room frame house, approximately 50 to 60 years old. Paul C. Maddox testified for the condemnor that: His real-estate company had sold three houses at approximately the same time the house in question was condemned; the houses were located approximately a block and a half distant from the property in question; one house was a nine-room frame house which sold for $3,000; the lot on which the nine-room house was located was 47½ feet by 150 feet; one house was a five-room frame house located on a lot which was 39.2 feet by 87 feet; that the five-room house and lot sold for $3,000; another of the houses was a seven-room frame house which sold

for $2,500; these three houses were similar to the one in question; in his opinion the house and lot in question was worth $5,000.

Pictures of the condemnee's house and the three houses about which Paul C. Maddox testified were introduced in evidence.

"On a question in regard to the value of land sought to be condemned, it is competent to introduce evidence of sales of property similar to that in question, made at or near the time of the taking. The exact limit either of similarity or difference or of nearness or remoteness in point of time is difficult, if not impossible, to prescribe by any arbitrary rule, but must to a large extent depend on the location and the character of the property and the circumstances of the case. It is to be considered with reference to throwing light on the issue, and not as a mere method of raising a legal puzzle." *Flemister* v. *Central Ga. Power Co.*, 140 *Ga.* 511, 515 (79 S. E. 148) ; *Housing Authority of the City of Calhoun* v. *Spink*, 91 *Ga. App.* 72 (85 S. E. 2d 80).

Whether the property about which the witness testified was similar to that in question is within the sound discretion of the trial judge, and we do not feel that he abused this discretion in permitting the witness to testify as to the purchase price of the three houses. United States *v.* 340 Acres of Land in Richmond County, Ga., 64 Fed. Supp. 117 (3).

2. The general grounds of the motion for a new trial were abandoned by the condemnee.

The trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*