38534.   SUTTON v. STATE HIGHWAY DEPARTMENT.

30

Decided January 6, 1961.

*Williford & Grant,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Payne & Heard, E. Freeman Leverett, Woodrow Lavender,* contra.

NICHOLS, Judge. ■ In the first special ground, numbered 4, of the amended motion for new trial complaint is made that the trial court erred in charging the jury that the condemnee was entitled to the "fair market value" of the property taken. In special ground 5 error is assigned because the trial court did not charge, without request, that the condemnee was entitled under the Constitution to "just and adequate compensation" for his property.

The condemnee relies on the case of *Housing Authority of Savannah v. Savannah Iron &c. Works,* 91 Ga. App. 881 (87 S. E. 2d 671), and similar cases to support his position. In that case and other similar cases other factors were presented which required consideration before the jury could determine how much money the condemnee was entitled to as "just and adequate

compensation" as provided for under the Constitution. As was said in *Housing Authority of Savannah v. Savannah Iron &c. Works,* supra, headnote 3: "The measure of damages for property taken by the right of eminent domain, being compensatory in its nature, is the pecuniary loss sustained by the owner, taking into consideration all relevant factors. Ordinarily this loss is represented by the fair market value of the property interest taken, but it may be the fair and reasonable value of the property taken if in fact the market value would not coincide with the actual value thereof." In the present case the whole property was taken, no consequential damages were involved, the building was not being used by the condemnee and no lease or other factor was involved which would require the jury to determine "just and adequate compensation" by any other method other than "fair market value." No error appears in either of these grounds of the motion for new trial.

■ Special ground 6 complains that the trial court erred in refusing to permit counsel for the condemnee to cross-examine a witness for the condemnor with reference to whether the witness had testified as an expert in all other condemnation cases tried in the Superior Court of Elbert County, the court in which the case sub judice was heard.

It was held by a majority of this court in the case of *Harrison v. Regents of University System of Ga.,* 99 Ga. App. 762 (109 S. E. 2d 854), that it was reversible error to exclude similar evidence on cross-examination, and under the ruling in that case, while the writer and Chief Judge Felton dissented, the judgment of the trial court refusing to permit the condemnee to cross-examine the witness was error and the judgment overruling the motion for new trial on such ground must be reversed.

■ Special ground 7 complains that the trial court erred in refusing to permit the condemnee to show, by a witness for the condemnee, the bias and prejudice of a witness for the condemnor against the condemnee. The questions asked the witness related to the feelings of the condemnor's witness at a time before the trial and did not attempt to show the feelings of the condemnor's witness at the time of the trial. In the case of *Loomis v. State,* 78 Ga. App. 153, 167 (51 S. E. 2d 13), Judge

MacIntyre said, citing Rapelje, Law of Witnesses, 337, § 202: "A witness may be discredited by showing that his impartiality is affected by motives arising from interest or partisanship, bias, or prejudice. The hostility of the witness may be shown by the witness himself or by extrinsic evidence, but the evidence must be direct and pointed and not indirect and uncertain; and the unfriendly feeling must be shown to exist at the time of the trial." This ground of the motion for new trial is without merit.

■ Special ground 8 complains that the trial court erred in refusing to permit a witness for the condemnee to testify that he had agreed to lease a part of the property being condemned for $50 a month. The witness was first examined at a time when the jury was not present and this examination, including cross-examination, disclosed that the witness had agreed to pay and the condemnee had agreed to accept this rental for a described part of the premises, that no written lease was executed, that no definite beginning date was agreed on, that no definite ending date or period of time was agreed on, that when it was learned that the property was to be condemned the proposed tenant never went into possession of the property, and that the agreed rental was, in his opinion, the fair rental value of that part of the building.

The condemnor relies on *Southern Ry. Co. v. Miller*, 94 Ga. App. 701, 706 (96 S. E. 2d 297), to support its contention that such evidence was properly excluded. Such decision, dealing with the second special ground of the amended motion for new trial in such case, is not authority to support the condemnor's position, inasmuch as this court, as to such division of the opinion, was divided 3-3, (Judges Gardner, Carlisle and Quillian being of the opinion that error was shown by such ground while Judges Felton, Townsend and the writer were of the opinion that no error was shown). The cases relied on in the decision referred to above which was prepared by Presiding Judge Gardner were cases wherein *unaccepted offers* were sought to be used as direct evidence of "market value." Such testimony is not in and of itself evidence of "market value." However, where a nonexpert testifies as to the facts on which he bases his opinion as to what the "market value" of property is, then such

opinion evidence is admissible. The witness, whose testimony was excluded, testified as to the facts on which his opinion was based and such evidence was admissible (see *Code* § 38-1709); however, as in all such cases the weight to be given to such opinion evidence was for the jury's determination.

■ The sole remaining special ground of the condemnee's motion for new trial complains that the trial court erred in refusing to permit the condemnee to testify as to who the assessors were who were appointed to make a return as to the value of the property condemned.

Even if error is shown by this ground of the motion for new trial it fails to show any harmful error, for the appointment of the assessors, as well as the return of the majority of them was in the record and nowhere does the record disclose that such information did not go to the jury along with the rest of the pleadings and record in the case. In *Swain v. Georgia Power & Light Co.*, 46 Ga. App. 794 (4) (169 S. E. 249), it was held that the opinion testimony of the arbitrator, as a witness in the case, "was not objectionable because the award in the case, showing the finding of the arbitrators as to the value of the premises and timber, was in the record and a part of the pleadings." In the absence of an affirmative showing it will not be presumed that such award was not in the record which went with the jury to the jury room.

■ Inasmuch as the condemnee neither argued nor insisted upon the usual general grounds of the motion for new trial the same will not be considered.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*