### 40720. STATE HIGHWAY DEPARTMENT v. GODWIN et al.

EBERHARDT, Judge. 1. Where, on the trial of a condemnation proceeding, there is no evidence that the land involved could

be used for any purpose other than that to which it was devoted at the time of the taking, or from which the jury could infer any reasonable probability that it was suitable for any other use, it is error for the court to charge that the jury might, in estimating the value of the land, consider other purposes for which the land might be used. *Central Ga. Power Co. v. Cornwell*, 139 Ga. 1 (76 SE 387, AC 1914A 880); *State Hwy. Dept. v. Weldon*, 107 Ga. App. 98 (129 SE2d 396); *State Hwy. Dept. v. Allen*, 108 Ga. App. 388 (133 SE2d 64); *State Hwy. Dept. v. Whitehurst*, 109 Ga. App., ante.

2. Evidence that the land was used one year for the growing of tobacco, another for the growing of corn, and another for some other crop or other agricultural use is not evidence of suitability of use for other purposes but is simply evidence of suitability for general agricultural use. Good husbandry would indicate a rotation of crops on any farm lands cleared for crop production. The record in the Supreme Court discloses that there was testimony in *Central Ga. Power Co. v. Cornwell*, 139 Ga. 1, supra, that the lands being taken had been used for growing oats, corn, hay and might well be used for growing cotton.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

DECIDED MAY 18, 1964.

*Eugene Cook, Attorney General, Richard L. Chambers, Paul Miller, E. J. Summerour, Assistant Attorneys General, J. Lundie Smith, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall,* for plaintiff in error.

*Maxwell Hines, Hugh D. Wright,* contra.