## 40719. STATE HIGHWAY DEPARTMENT v. FUTCH et al.

EBERHARDT, Judge. 1. In a condemnation case, the court is not authorized to charge that the jury may consider other potential uses to which the land taken could be put unless there is either evidence of other possible uses of the land or evidence from which the jury could infer some reasonable probability

that the land could be used for other purposes. *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737; *State Hwy. Dept. v. Godwin,* 109 Ga. App. 740. There was no evidence of either here and the charge was erroneously given.

2. "[I]t is elementary that the measure of damages for property taken by eminent domain is ordinarily the fair market value of the property *at the time of taking." State Hwy. Dept. v. Murray,* 102 Ga. App. 210, 214 (115 SE2d 711). (Emphasis added). One of the reasons for the rule is that the alienation of the owner's property is definitive, complete and perpetual on that date, and "[a]ny changes in the condition of the property which thereafter take place, whether they result in an increase or a decrease in the value thereof, cannot affect the amount of compensation to be paid." 3 Nichols on Eminent Domain, 18, § 8.5 [1].

3. Where a house and shed were located on the property condemned, the measure of damages was the fair market value at the time of taking of the land with the house and shed thereon, and the court properly excluded evidence of transactions after that time, such as the fact that the condemnee subsequently bought the house at a public sale for $125, had it moved, and so forth.

However, if the jury is to be sent out to view the land there is an exception, illustrated in *Tift v. State Hwy. Dept.,* 99 Ga. App. 387, 391 (108 SE2d 724), to this extent: since the jury must determine the value of the land as of the time of the taking, it is entitled to have information as to any buildings or improvements that may have since been removed, and if it is to appear that the buildings are presently on other lands of the condemnee the jury is entitled to an explanation of that fact as, for example, that the condemnee has purchased and removed the buildings to their present location. But, since the condemnor was faced with the necessity of removing, demolishing or otherwise disposing of the buildings in order to clear the lands for highway use and since one who might purchase under those circumstances must go to the expense of removing them, take the risk of damage that may ensue, such as cracking of walls, ceilings, misalignment of doors, windows, etc., and must supply a new location on which to place them, the price at which they may be sold cannot be expected to represent or to illustrate the fair market value of the property taken when the buildings were permanently located

thereon as a part of the whole property. Judicial notice is taken that property sold at a forced sale does not ordinarily bring its full worth. Platt Lincoln-Mercury, Inc. v. Swink, 236 Miss. 407 (110 S2d 374). Nor would evidence of bids which the condemnor may have secured for the removal of the buildings constitute evidence of value. Consequently evidence as to those matters is not admissible.

4. The remaining grounds of the motion will not be passed on since the case must be tried again.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

DECIDED MAY 18, 1964—REHEARING DENIED JUNE 1, 1964.

*Eugene Cook, Attorney General, Richard L. Chambers, Paul Miller, E. J. Summerour, Assistant Attorneys General, J. Lundie Smith, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall,* for plaintiff in error.

*Hugh D. Wright, Edward Parrish,* contra.

