40718.   STATE HIGHWAY DEPARTMENT v.
WHITEHURST et al.

DECIDED MAY 18, 1964.

738

*Eugene Cook, Attorney General, Richard L. Chambers, Paul Miller, E. J. Summerour, Assistant Attorneys General, J. Lundie Smith, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall,* for plaintiff in error.

*Hugh D. Wright, Edward Parrish,* contra.

EBERHARDT, Judge. ■ Though the charge is correct as an abstract principle of law (see *Code* § 36-505), we think the exception is meritorious. This court dealt with a charge similar in nature in *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98 (129 SE2d 396) and held it to be error. The landowner urges that there are differences in the charge there and here requiring a different result. The only difference in the charge in *Weldon* and that with which we deal here is that here the court added at the end of the second paragraph the phrase *"as shown by the evidence."* It is insisted here that the addition of this phrase so limited and qualified the charge as to instruct the jury, in effect, that if other uses were *not* shown by the evidence the principle was not to be considered or applied.

This position is rendered untenable by *State Hwy. Dept. v. Allen,* 108 Ga. App. 388 (133 SE2d 64) where the charge excepted to was identical with the one upon which error is here assigned. Further, in *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (76 SE 387, AC 1914A 880), the Supreme Court holding it unwarranted by the evidence, confusing, calculated to mislead the jury and requiring a new trial, dealt with an assignment of error upon a similar charge.[1] Thus we are bound and cannot consider the contention that the charge, though error, is harmless.

[1] The record in the Supreme Court reveals that in ground 4 of the amended motion error was assigned upon the charge: "The market value of property includes its value for any use to which it may be put. If by reason of its surroundings, or its natural advantages, or its artificial improvements, or its intrinsic character, it is particularly adapted to some particular use, and the circumstances which make up this adaptability have been shown, you may take such conditions into consideration in estimating its market value," the exception being that there was no evidence of any artificial improvements on the land.

In ground 10 error was assigned on the charge: "In getting at the market value of said property your inquiry will be, what was the property worth on November 10, 1910, viewed not merely with reference to uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted," the exception being that there was no evidence to support it, or to author-

We have read and examined carefully the evidence here and find in it nothing which would have authorized any finding that the property being condemned was suitable for any use other than that to which the owner had devoted it when the condemnation proceeding was brought. The charge was error.

■ The evidence of the condemnee and his witness, Harris, was equivocal. But since we are reversing for the reason given above it is not necessary that we decide whether it was sufficient to constitute "some evidence" of market value upon which the verdict could be sustained. The evidence will probably be different upon another trial.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

---

ize the suggestion that the property was worth more for uses to which it was not at the time of taking being applied.

In ground 12 error was assigned on the charge: "In estimating the market value of property, all the reasonable capabilities of the property, and all the uses to which it may be applied, or for which it is adapted, are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner," the exception being that it was without evidence to support it and that there was no evidence to authorize the suggestion that the property was either reasonably capable or adapted to any use to which it was not then being applied and which would enhance its value.

Just prior to giving these charges the court had charged: "In ascertaining its market value you may look to the evidence and consider everything with reference to the location of the property, its surroundings and appurtenances, making it available for valuable uses, if any such appears," and following the charges excepted to the court charged additionally: "Look, then, to all the evidence throwing light upon this property, its capabilities, the uses to which it may be applied, and then determine from the evidence as presented before you what the market value of the property is."