### 41093. STATE HIGHWAY DEPARTMENT v. MARTIN.

FRANKUM, Judge. ■ "A charge may be abstractly correct; but unless it is authorized by the evidence in the case, it is nevertheless erroneous. *Butt v. Maddox,* 7 Ga. 495 (3); *Towns v. Kellett,* 11 Ga. 286 (2), 293." *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 5 (2) (76 SE 387, AC 1914A 880).

■ Where, as in this case, on the trial of an appeal to the superior court to have a jury determine the value of land taken by condemnation, it appears that all of the evidence as to the value of the land taken related to its value for agricultural purposes, and there being no evidence as to the value of the land taken for any other purpose, the court erred in charging the jury "that in estimating the value of the land taken for public purposes, . . . it is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated." *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, supra; *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98 (129 SE2d 396); *State Hwy. Dept. v. Allen,* 108 Ga. App. 388 (133 SE2d 64); *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737 (137 SE2d 371); *State Hwy. Dept. v. Godwin,* 109 Ga. App. 740 (137 SE2d 351); *State Hwy. Dept. v. Futch,* 109 Ga. App. 741 (137 SE2d 350).

■ An instruction to the jury in a condemnation case which inferentially authorizes them to award damages to the condemnee for the land taken based on the peculiar value of the land to the condemnee alone, as distinguished from its market value, generally is error where there is no evidence to authorize a finding that the land taken had any such peculiar value to the condemnee apart from its market value. *State Hwy. Dept. v. Stewart,* 104 Ga. App. 178, 183 (2) (121 SE2d 278); *State Hwy. Dept. v. Whitehurst,* 106 Ga. App. 532 (2) (127 SE2d 501); *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849, 853 (5) (128 SE2d 520). In this case the only evidence as to the value of the land taken related to its value for agricultural purposes, and there was no evidence that it would not have been as valuable to any other person as to the condemnee here. Under these circumstances the charge complained of in the second special ground was erroneous.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

DECIDED MARCH 12, 1965—REHEARING DENIED MARCH 26, 1965.

*Eugene Cook, Attorney General, Richard L. Chambers, Assistant Attorney General, Harry T. Lawrence, Deputy Assistant Attorney General,* for plaintiff in error.

*Warren Akin, Jr., J. Beverly Langford, T. L. Shanahan,* contra.