41478. STATE HIGHWAY DEPARTMENT v. RUTLAND.

HALL, Judge. The State Highway Department condemned 2.283 acres out of a 150-acre tract of land. After a verdict of $10,850, the condemnor assigns error on the overruling of its motion for new trial. *Held:*

1. The condemnor assigns error on the following charge of the court: "I charge you that in estimating the value of land when taken for public uses, inquiry may be made as to all legitimate purposes to which the property could be appropriated or used. . . In estimating its value the capabilities of the property and the use to which it is applied and to which it has been applied are to be considered, and not the mere condition it is in at the time and the use to which it is then applied by the owner. . . All the facts as to the condition of the property and its surroundings, improvements and capabilities may be shown, and if shown, may be considered by the jury in estimating its value." This charge was not authorized by the evidence, there being no evidence that the property had been put to any use other than agricultural, or had any capabilities for any other purpose. A charge in practically identical language was assigned as error in *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (76 SE 387, AC 1914A 880); (see footnote in *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737, 739-740 (137 SE2d 371)

which sets out the charge given and errors assigned in the *Central Ga. Power Co.* case). The Supreme Court held that the charges complained of "were not warranted by the evidence, and therefore, under the repeated rulings of this court were erroneous. It is argued that if these charges were erroneous, they were harmless, as the jury only considered the value proved for one purpose, namely, the agricultural value. We have no means of knowing that the jury so limited themselves, and can not say, as a matter of law, that the instructions complained of were harmless. They were probably confusing and misleading to the jury, and require a new trial." *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 6, supra.

In *Georgia Power Co. v. Chapman,* 46 Ga. App. 589, 590 (168 SE 134) this court held that a similar charge was not error by virtue of the fact that the court's charge limited its application to the facts which may be "disclosed by the evidence." In the present case one part of the charge was that the jury could consider capabilities of the property "if shown." The charge in the *Central Ga. Power Co.* case stated that the jury could consider evidence showing the property "available for valuable uses if any such appears." We think that the *Georgia Power Co. v. Chapman* case, supra, is in conflict with *Central Ga. Power Co. v. Cornwell,* supra, and must yield accordingly. Accord *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98 (129 SE2d 396); *State Hwy. Dept. v. Allen,* 108 Ga. App. 388 (133 SE2d 64); *State Hwy. Dept v. Godwin,* 109 Ga. App. 740 (137 SE2d 351); *State Hwy. Dept. v. Futch,* 109 Ga. App. 741 (137 SE2d 350); *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737, 739, supra.

The trial court erred in overruling ground 4 of the motion for new trial.

2. Unless there is evidence of unusual circumstances to show that the criterion of market value will not afford just and adequate compensation, market value is the measure for determining the value of the land taken. *Sutton v. State Hwy. Dept.,* 103 Ga. App. 29, 31 (118 SE2d 285); *Georgia Power Co. v. Livingston,* 103 Ga. App. 512, 514 (119 SE2d 802); *State Hwy. Dept. v. Whitehurst,* 106 Ga. App. 532 (127 SE2d 501); *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849, 853 (128 SE2d 520). It would seem that, when there is no such evidence, as in this case, the court should charge

the jury that market value is the measure for determining just and adequate compensation to the condemnee. The trial court did not so charge in this case but charged "that the State must pay the condemnee for the land its fair and reasonable value determined from the evidence." However, since the case will be reversed on other grounds, it is not necessary for us to determine whether this charge, complained of in ground 5, was reversible error.

3. It has been stated in numerous court decisions that, when the sale price of similar land is offered as evidence of the value of land being condemned, it is within the sound discretion of the trial court to determine whether the other sale is comparable and admissible to throw light on the value of the land being condemned. *West v. Fulton County,* 95 Ga. App. 320 (97 SE2d 785) ; *Fulton County v. Elliott,* 109 Ga. App. 775, 777 (137 SE2d 477), reversed on other grounds *Elliott v. Fulton County,* 220 Ga. 377 (139 SE2d 312). But to admit evidence of the sale price of property in no way similar or comparable to the property being condemned is error requiring a new trial. *Aycock v. Fulton County,* 95 Ga. App. 541, 543 (98 SE2d 133). And to exclude evidence of the sale price of property with great similarity to the property being condemned is reversible error. *Lewis v. State Hwy. Dept.,* 110 Ga. App. 845, 848 (140 SE2d 109). The trial court's discretion is a legal discretion and must be exercised in keeping with decisions of the appellate courts on the admissibility of evidence of sales of other lands—both the decisions holding a sale of land to be comparable to the land being condemned and requiring it to be admitted, and those holding the sale not comparable and requiring it to be excluded. 5 Lewis on Eminent Domain 445, § 21.31. If we do not follow these precedents we limit the hope of affording equal justice to all litigants.

In the present case the trial court excluded evidence that a 67-acre tract of land one-half mile from the condemnee's 150-acre tract, of which a part was being condemned, had been sold about one year before this condemnation for $300 an acre. Evidence was offered to show that both tracts were agricultural land and the 67-acre tract was sandier and was valued at $300 an acre, as compared to $350 for the condemnee's land. Considering judicial precedents on

the question of comparability, this sale was comparable in time and in kind and location of the property to the condemned land. 1 Orgel on Valuation under Eminent Domain 591, § 139. The differences in the two tracts could be considered by the jury and weighed in determining the probative value of the evidence. *Georgia Power Co. v. Walker,* 101 Ga. App. 454, 457 (114 SE2d 159, 80 ALR2d 1264).

The trial court erred in overruling grounds 6, 7, and 8 complaining of the exclusion of this evidence.

4. The court did not err in overruling grounds 9 and 11 complaining of the court's refusal to grant a motion for mistrial after allegedly prejudicial remarks by the condemnee's counsel. The court instructed the jury to disregard the allegedly offensive statement, and condemnor's counsel made no further objection. "If counsel was not satisfied with the instruction given by the court he should have renewed his motion for a mistrial, and not having done so, the assignment of error is without merit." *Kendrick v. Kendrick,* 218 Ga. 460, 462 (128 SE2d 496) ; *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384, 386 (130 SE2d 355).

It is not necessary, because the case will be reversed on other grounds and the argument complained of as prejudicial in ground 10 should not occur on retrial, to decide whether this argument was cause for a mistrial. However, we call attention to the opinions in *Augusta &c. R. Co. v. Randall,* 85 Ga. 297, 318 (11 SE 706), and *Brown v. State,* 110 Ga. App. 401 (138 SE2d 741), dealing with argument of prejudicial matters not in evidence. And as we do not know what the amount of the verdict will be after a retrial, it is not necessary to pass on grounds 12, 13 and 14 which contend that the evidence did not support the amount of the verdict.

*Judgment reversed for reasons stated in Divisions 1 and 3. Felton, C. J., Bell, P. J., Frankum, Jordan, Eberhardt and Deen, JJ., concur. Nichols, P. J., and Pannell, J., dissent.*

Submitted September 13, 1965—Decided November 30, 1965.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, S. B. McCall, J. Lundie Smith, Asa D. Kelley, Jr., Deputy Assistant Attorneys General,* for plaintiff in error.

PANNELL, Judge, dissenting. I dissent from the ruling in Divisions 1 and 2 of the opinion for the reasons hereinafter shown.

1. It appears that the charge excepted to does not represent a distinctive connected instruction of the court, but is a combination of extracts from the charge. Accordingly, this ground is without merit and insufficient to call for any ruling. *Cole v. Pepsi-Cola Bottling Co.*, 65 Ga. App. 204, 211 (3) (15 SE2d 543); *King v. Baker*, 109 Ga. App. 235, 237 (9) (136 SE2d 8). The charges in the cases above referred to in the majority opinion dealing with similar charges were separately dealt with in separate grounds of the motion for new trial.

However, even if this hurdle is overcome, it does not appear that the charge excepted to shows grounds for reversal. The original and leading case, which has been followed in a number of cases by this court, is *Central Ga. Power Co. v. Cornwell*, 139 Ga. 1, 6, supra. The charges and the exceptions in that case are as follows: "4. Because the court erred in charging the jury as follows: 'The market value of property includes its value for any use to which it may be put. If by reason of its surroundings, or its natural advantages, or its artificial improvements, or its intrinsic character, it is peculiarly adapted to some particular use, and the circumstances which make up this adaptability have been shown, you may take such conditions into consideration in estimating its market value.'

"Said charge being erroneous for the reason that there was no evidence in the case showing the existence of any 'artificial improvements' upon the land taken, the same being the land to which the court was then directing the attention of the jury; and it was therefore error for the court to direct the jury's attention to, and authorize them to consider, an element of value resulting from the existence of 'artificial improvements' upon said property when no such improvements existed in fact under any view of the evidence. That part of said charge referring to 'artificial improvements' is erroneous in that there was no evidence to authorize such a reference.

"5. Because the court erred in charging the jury as follows: 'If on November 16, 1910, certain improvements were being

made in the locality where this property is situated, and the fact of these improvements showed the facts enhanced the market value of said property, the owner would be entitled to such actual market value, as affected by these improvements, though such improvements were at the time being made by the plaintiff, or any other persons at that time.'

"Said charge being erroneous for the reasons, (a) the same was without evidence to support it and was not authorized by the evidence; (b) there was no evidence in the case to show that the existence of any improvements which were being made in the locality of said property 'enhancing the market value of said property', and it was therefore error for the court to direct the jury's attention to, and authorize them to consider, any enhancement of market value by reason of said alleged improvements; (c) that part of said charge referring to the fact of any improvements being made in the locality enhancing the market value of said property was without evidence to support it and was not authorized by the evidence. The evidence showed, so far as it showed anything upon this subject, that the fact of such improvements as were being then and there made by the plaintiff at the time decreased, instead of enhancing, the market value of said property.

"10. Because the court erred in charging the jury as follows: 'In getting at the market value of said property, your inquiry will be what was the property worth in the market on November 10, 1910, viewed not merely with reference to uses to which it is at that time applied, but with reference to the uses to which it is plainly adapted.'

"Said charge being erroneous for the reasons: (a) The same was without evidence to support it and was not authorized by evidence in the case; (b) there was no evidence in the case to authorize the suggestion that the property in question was worth anything more for uses to which it was not at the time of the taking applied; nor was there anything in the evidence to authorize the suggestion that the property in question was plainly adapted to some use or purpose more valuable than that to which it was being applied at the time of the taking thereof; (c) said charge was argumentative and inti-

mated an opinion to the jury that the property in question was plainly adapted to some more valuable use than the use to which it was being applied at the time of the taking.

"11. Because the court erred in charging the jury as follows: 'Property is not necessarily to be regarded as valueless because the owner is unable to put it to any use, or to the use for which it may be most valuable. Others may be able to use it. Its capability of being made available for valuable uses gives it a market value, and it is this value that it is your duty to ascertain.'

"Said charge being erroneous for the reasons: (a) the same was without evidence to support it and was not authorized by the evidence in the case; (b) there was no evidence in the case to authorize the suggestion that the owner was unable to put this property in question to any use; nor was there any evidence in the case to authorize the suggestion that the owner of the property in question was not able to put the property to the use for which it was most valuable; (c) there was no evidence in the case that the property in question was capable of being put to any use more valuable than the use to which it was being applied by the owners at the time of the taking; (d) said charge was argumentative and intimated to the jury an opinion that the property in question was capable of being put to more valuable uses, than that use to which it was being applied at the time of the taking, where there was nothing in the evidence to authorize such an intimation.

"12. Because the court erred in charging the jury as follows: 'In estimating the market value of property, all the reasonable capabilities of the property, and all the uses to which it may be applied, or for which it is adapted are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner.'

"Said charge being erroneous for the reasons: (a) the same was without evidence to support it and was not authorized by the evidence in the case; (b) there was no evidence in the case to authorize the suggestion that the property in question was either reasonably capable or adapted to any use to which it was not then applied which would enhance or affect the mar-

ket value of the same and it was error for the court to thus authorize the jury to consider any such element of possibility in arriving at the market value of the property."

The charges in the present case and the exceptions thereto are as follows: "I charge you that in estimating the value of land when taken for public uses, inquiry may be made as to all legitimate purposes to which the property could be appropriated or used.

"In estimating its value the capabilities of the property and the uses to which it is applied and to which it has been applied are to be considered, and not the mere condition it is in at the time and the use to which it is then applied by the owner.

"All the facts as to the condition of the property and its surroundings, improvements and capabilities may be shown, and if shown, may be considered by the jury in estimating its value."

"1. There is no evidence in the record to support such a charge because there is no evidence of any use other than agricultural to which the property has been put, nor was there any evidence that it had any other capability or value for any other purpose than the one to which it was being put or that the said land had any possibility of being put to any other use than agricultural.

"2. The court's statement 'and not the mere condition it is in at the time and the use to which it is then being applied by the owner' was erroneous because there is no evidence on which to assign value other than the condition at the time of taking.

"3. It was error to charge that the jury should consider all legitimate purposes to which the land could be put and all its capabilities when there is no evidence of value of any purpose, or any capability, other than agricultural."

There can be no question that where the evidence discloses no use other than the use at the time of taking it is error to charge the jury that they can consider other uses or that they can consider improvements where there are none. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 6, supra; *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737 (1); *State Hwy. Dept. v. Godwin,* 109 Ga. App. 740 (1); *State Hwy. Dept. v. Futch,*

109 Ga. App. 741 (1); *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98, 99; *State Hwy. Dept. v. Allen,* 108 Ga. App. 388 (1), all supra; and *State Hwy. Dept. v. Martin,* 111 Ga. App. 428 (2) (142 SE2d 84); *State Hwy. Dept. v. Moore,* 111 Ga. App. 474 (142 SE2d 120). However, the court overlooks the fact that a portion of the charge excepted to, to wit: "all the facts as to the condition of the property and its surroundings and improvements and capabilities may be shown, and, if shown, be considered by the jury in estimating its value," is not subject to the objections made. Objections to the whole excerpt from a charge containing several propositions is without merit where part thereof is not subject to the objections made. See *Reeves v. Allgood & Co.,* 133 Ga. 835, 836 (4) (67 SE 82); *Tarver v. Depper,* 132 Ga. 798, 799 (5) (65 SE 177, 24 LRA (NS) 1161); *Mangham v. Cobb,* 160 Ga. 182 (6) (127 SE 408). This court, in some of the cases cited by the majority and which I cited above overlooked this principle of law. The evidence in the present case shows facts as to the condition of the property and its surroundings and improvements (wire fencing) and capabilities. This was proper matter for the consideration of the jury and proper for the court to charge on.

2. In Division 2 of this opinion, the court does not pass upon the ground of the motion for new trial therein dealt with, but intimates that the charge therein given was error. With this I disagree.

While a charge to the jury in a condemnation suit that the State must pay the "fair and reasonable value" of the property taken and that the jury is to determine the "fair and reasonable value" might be subject to some criticism as not precisely stating the measure of damages in the case on trial, although the terms "fair and reasonable value" and "market value" by some authorities have been held equivalent (2 Bouvier's Law Dictionary 2097; 5 Words and Phrases, 4382-4387); yet, if such charge was error, it was harmless to the condemnor, there being no evidence of any difference between the fair and reasonable value and the market value and there being no evidence of any special value to the condemnee and no evidence of any other elements of damage, other than consequential, for which compen-

sation might be payable under the terms of the Constitution, which provides that a condemnee is entitled to "just and adequate compensation" (*Code Ann.* § 2-301), and consequential damages being eliminated by stipulation. *Louisville & N. R. Co. v. Lovelace,* 26 Ga. App. 286 (5) (106 SE 6). In *Georgia Power Co. v. Livingston,* 103 Ga. App. 512 (4a), supra, the court used the terms "fair market value," "fair and reasonable value" and "just and adequate compensation," the latter of which phrases can, and often does, include elements other than market value of the property taken. In *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849, 853, supra, the court specifically charged the jury that if market value did not coincide with fair and reasonable value, they could find the fair and reasonable value. The charge there was specially harmful where the measure of damages was market value as it led the jury to believe that there was a difference for them to consider.

I am authorized to state that Nichols, P. J., concurs in this dissent.