### 41479. STATE HIGHWAY DEPARTMENT v. WHITEHURST.

SUBMITTED SEPTEMBER 9, 1965—DECIDED JANUARY 5, 1966.

878

Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, J. Lundie Smith, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall, for plaintiff in error.

BELL, Presiding Judge. ■ Special ground 4 of the motion for new trial contends that the following charge was not authorized under the evidence: "I charge you that in estimating the value of land when taken for public uses inquiry may be made as to all legitimate purposes to which the property could be appropriated and used, or to which it had been appropriated and used, and the jury shall assess the value of the property taken and used and the damages done . . .

"In estimating its value the capabilities of the property and the use to which it is applied and to which it had been applied are to be considered, and not the mere condition it is in at the time and the use to which it is then applied by the owner.

"All the facts as to the condition of the property and its surroundings and improvements and capabilities may be shown, and if shown, be considered by the jury in estimating its value."

This charge is substantially the same as one held by this court to be unauthorized in a former appearance of this case. As in the prior case, *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737, 739 (137 SE2d 371), again, the evidence here discloses nothing which would have authorized any finding that the property being condemned was suitable for any use other than that to which the owner had devoted it when it was condemned. The charge, being unauthorized by the evidence, was error. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 6 (76 SE 387); *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98, 99 (2) (129 SE2d 396); *State Hwy. Dept. v. Allen,* 108 Ga. App. 388 (1) (133 SE2d 64); *State Hwy. Dept. v. Godwin,* 109 Ga. App. 740 (1) (137 SE2d 351); *State Hwy. Dept. v. Futch,* 109 Ga. App. 741 (1) (137 SE2d 350); *State Hwy. Dept. v. Martin,*

111 Ga. App. 428 (2) (142 SE2d 84); *State Hwy. Dept. v. Moore,* 111 Ga. App. 474, 475 (142 SE2d 120).

■ Special ground 8 assigns error upon the trial court's overruling of condemnor's objection to and motion to strike out the entire testimony of a witness for condemnee. Some parts of the testimony were not irrelevant, and since the testimony of the witness was objected to in its entirety, the refusal to strike it upon condemnor's motion was not error. *Mobley v. Bell,* 177 Ga. 876, 878 (171 SE 701); *State Hwy. Dept. v. Jackson,* 100 Ga. App. 704, 705 (112 SE2d 350).

■ The trial court charged the jury that the State must pay the condemnee for his land its fair and reasonable value. Condemnor contends that this charge was erroneous because it indicated to the jury that they might award damages based otherwise than upon market value. However, since the case must be reversed upon another ground, it is not necessary to determine whether this charge, attacked in ground 5, was reversible error. See *State Hwy. Dept. v. Rutland,* 112 Ga. App. 792 (2).

■ Special grounds 6 and 7 complain that the verdict was excessive and not authorized by the evidence. These grounds are not considered, since the evidence probably will be different upon another trial.

*Judgment reversed. Frankum and Hall, JJ., concur.*