69871. DEPARTMENT OF TRANSPORTATION v. PERRY et al.
(327 SE2d 832)

BANKE, Chief Judge.

This appeal follows a jury verdict in favor of the condemnee in an action by the Department of Transportation to condemn 1.128 acres of land, including mineral interests. The department contends that certain testimony regarding the value of marble deposits estimated to be contained in the property should not have been admitted because the witnesses offering the testimony did not reduce the estimated value of the deposits by the cost of extracting the mineral. It is also contended that the testimony in question was hypothetical and speculative.

In its brief, the appellant concedes that "the principal issue at the trial was not the value of the land taken, but rather the value of . . . a deposit of marble underneath the condemned tract." Two geologists testified for the appellees that the marble was marketable, being suitable for use "as dimension stone as well as aggregate, agricultural lime, chips, chicken scratch, flux stone, carpet filler, and low-grade whiting." The appellant further concedes that such facts were relevant to show the potential and probable use to which the land

could be put. See *State Hwy. Dept. v. Godwin*, 109 Ga. App. 740 (137 SE2d 351) (1964). *Held*:

Contrary to appellant's assertion, the jury heard testimony concerning excavation and other cost factors which, according to the witnesses in question, influenced their opinions regarding the value of the property. "After a witness has given [his] basis for opinion evidence as to value, it is up to the jury to determine its weight." *D.O.T. v. Worley*, 150 Ga. App. 768, 772 (258 SE2d 595) (1979). In this case we find the testimony to be neither hypothetical nor speculative.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 7, 1985.

*Henry C. Tharpe, Jr., Special Assistant Attorney General*, for appellant.

*J. Carey Hill*, for appellees.