## 1737.  LANGSTON v. POSTAL TELEGRAPH-CABLE CO.

1. The evidence disclosing that the foreman with whom was made the alleged contract, by which it was sought to bind the defendant, was a special agent, and that the contract was beyond the scope of his authority, there was no error in awarding a nonsuit.  Neither the nature of the duties performed by the foreman nor his title indicated a general agency to employ teams for a term of months.  Under the undisputed evidence, this foreman was a special agent with limited powers, and the plaintiff was bound, at his peril, to take notice of the extent of his authority.
2. The letter objected to, not tending to show a ratification of the alleged contract, was properly repelled as irrelevant.

Action on contract, from city court of Macon—Judge Hodges. December 14, 1908.

Argued April 16,—Decided November 9, 1909.

*Hardeman, Jones & Johnston,* for plaintiff.

*Roland Ellis, Anderson, Felder, Rountree & Wilson,* for defendant.

RUSSELL, J.  Langston excepts to the grant of a nonsuit, and to various rulings admitting and rejecting evidence.  His suit alleged a contract made by one Cofer, a foreman of a construction gang, for the hire of two teams for a definite term, and a breach of the contract by discharge of the teams before the expiration of the term.  The nonsuit was granted because the court was of the opinion that the foreman had no authority so to contract on behalf of the corporation for the hire of teams and men.  It is true that it appeared that this foreman had authority to contract somewhat in behalf of the corporation for the hire of teams and men.  It further appeared that the corporation recognized this authority, by paying for the hire of Langston's teams, and of other teams and men.  It further appeared, however, that Cofer had explicit instructions not to hire teams, except by the day, and "subject to be discharged at the end of the day," and that the plaintiff knew that he had been hiring other teams by the day only.  Cofer was only foreman "in charge of" the work of moving the posts and wire of the telegraph company between Macon and Fort Valley.  He selected the men and the team he wished to employ, and "had authority to employ the teams locally for the work he was engaged in."  "He had binding instructions to report to me (superintendent of the construction, B. S. Price) how many teams he had employed,

and the terms on which he had employed them." He did not report in this case what teams he had employed and the terms of the contract he had made, but the corporation's money paid for the services actually rendered by the teams.

Was Langston a general agent, or only a special agent? The plaintiff in error insists that the case is controlled by the familiar rule that secret limitations upon the authority of a general agent are not binding upon a person dealing with him, unless such limitations are known to such person. As this rule applies specifically to general agents, as will appear from a reading of §3023 of the Civil Code, the real question to be determined is whether the evidence showed that the foreman in the present case was a general agent, or whether the lower court was correct in holding that the foreman, Cofer, was only a special agent. Of course, a corporation can have a general agent whose duties extend only to a portion of its business. One might have an agent for buying cotton, another for buying iron, and a third for buying lumber; and each might be a general agent. But in the present case we do not think there were sufficient indicia afforded by the acts done by Cofer to lead any one to infer that he was a general agent of any sort, so that it could be claimed that he was held out by the defendant as a general agent. Judged by his acts, he was a mere special agent, the foreman of a gang of hands. The plaintiff made his contract at his own risk. See *Inman* v. *Crawford*, 116 *Ga.* 63 (42 S. E. 473). It is true that the mere designation by which an agent is known is not conclusive of the extent of his authority *(Raleigh R. Co.* v. *Pullman Co.,* 122 *Ga.* 705 (50 S. E. 1008)), and the test is what duties are performed by the agent and what authority he is held out to the public to have. *Fitzgerald* v. *Farmers' Supply Co.,* 3 *Ga. App.* 215 (59 S. E. 713). Still, the title given by the principal to the agent is one of the things which may be considered in determining whether he is held out to the world as a general or a special agent. Taking this view of it, we do not think that one who is held out merely as a foreman of a gang of hands engaged in moving or repairing a few miles of the wire and posts of a telegraph company, known to have hundreds of miles of similar property, could safely be considered as a general agent in charge of construction and repair for the company. The term "foreman" does not imply, ex vi termini, that it was the duty of the person so

designated, or within his power, simply as foreman of a gang of laborers, to employ laborers over whom he acted as foreman. Bonnell *v.* State, 64 Ind. 504.

Coming, then, to the duties discharged by this foreman, it is apparent that he was not a general agent for the employing of teams for a term. Omitting the fact that it was expressly testified that he had no such authority (because we are now simply determining whether he was a special or general agent), it does not appear, from the evidence, that he had in any case exercised the power of contracting for a term of months, within the knowledge of the plaintiff, so as to authorize the plaintiff to conclude that he would be safe to make such a contract with him, so as to bind the company. We conclude, therefore, that the trial judge was right in holding that there was no evidence that this foreman was held out to the world as a general agent of the company, by any act performed by him or ratified by the company antecedent to the time of the plaintiff's contract, and which would have authorized the inference on his part that Cofer was a general agent. If the plaintiff wanted the benefit of the rule that one dealing with a general agent was not to be bound by secret instructions or limitations of his power, then it would have devolved upon the plaintiff to show first that Cofer was a general agent. Neither the designation of the foreman nor the duties performed by him prior to the making of the alleged contract proved this. Special authority will be *implied* only to do the things which it appears the agent exercised the power to do.

As the letter objected to did not tend to show a ratification of the alleged contract, it was properly repelled as irrelevant; and the other objections to the evidence are without merit.

*Judgment affirmed.*