34543. GARDEN PARKS, INCORPORATED *v.* FULTON COUNTY.

FELTON, J. 1. Ground three of the amended motion complains that the condemnor is seeking to condemn more property than is permitted by law. Ga. L. 1937, pp. 433, 434; Code (Ann. Supp.) § 36-1001. In condemnation proceedings the only issue before the assessors or a jury on appeal is the amount of compensation to be paid, and neither the assessors nor a jury can determine whether the condemnor is proceeding legally. The remedy of the landowner is to apply to a court of equity to enjoin the illegal proceedings. *Atlanta Terra Cotta Co.* v. *Georgia Ry. &c. Co.,* 132 *Ga.* 537 (1, 1a) (64 S. E. 563); *Atlantic Coast Line R. Co.* v. *Postal Telegraph-Cable Co.,* 120 *Ga.* 268 (2) (48 S. E. 15); *Harrold* v. *Central of Ga. Ry. Co.,* 144 *Ga.* 199, 204 (3) (86 S. E. 552); *Rogers* v. *Toccoa Power Co.,* 161 *Ga.* 524, 526 (1) (131 S. E. 517).

2. It was not error to exclude from evidence a deed offered by the condemnee to show the price the condemnor paid for land located in alleged close proximity to that of the condemnee. *Georgia Power Co.* v. *Brooks,* 207 *Ga.* 406 (62 S. E. 2d, 183).

3. The court charged the jury in part: "Prospective and consequential damages resulting therefrom may also be taken into consideration if the same are plain and appreciable; and, on the other hand, the increase of the value of the lands from the proposed public improvement may be considered, but in no case shall the owner be deprived of the actual damages by such estimated increase." Ground nine of the amended motion complains that the court erred in charging: "and on the other hand, the increase of the value of the lands from the proposed public improvement may be considered, but in no case shall the owner be deprived of the actual damages by such estimated increase." Under the facts of this case, the charge was error and harmful. The condemnee introduced much evidence to show that, because of the condemnation, it would be required to expend certain amounts on fences, screening hedges and grading, and thus it would be consequentially damaged. There was no evidence as to any consequential benefits resulting from the improvement. The evidence, therefore, did not authorize a charge on consequential benefits.

4. The general grounds and those special grounds of the amended motion not argued or expressly insisted upon are not considered.

The court erred in denying the amended motion for a new trial.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*

DECIDED APRIL 11, 1953—REHEARING DENIED MAY 2, 1953.

*Wesley R. Asinof, Barrett & Hayes, Leroy F. Wynne, Sr.,* for plaintiff in error.

*Harold Sheats, Durwood T. Pye, Standish Thompson, E. A. Wright, Clifford Hendrix,* contra.

Fulton County proceeded to condemn a portion of certain

98

property belonging to Garden Parks, Incorporated, for the purpose of constructing a public highway. The assessors appointed returned an award of $13,500. Both parties, being dissatisfied with the award, appealed the award to a jury. The jury returned an award of $5,000. The condemnee's amended motion for new trial was overruled and it excepts.