### 41003. SUMNER et al. v. STATE HIGHWAY DEPARTMENT.

HALL, Judge. In this action by the State Highway Department to condemn 10.604 acres of land and access rights in abutting land, the condemnees assign error on the judgment overruling their motion for new trial after a jury verdict awarding $18,578.38 for the land and consequential damages to their remaining land. *Held:*

1. The trial court did not err in overruling ground 4 excepting the admission of evidence of the sale price of another tract

of land of 142 acres. The condemnees contend that this evidence was improperly admitted because there was no evidence showing that that land was in the vicinity of and reasonably close to the condemned tract. However, they did not specify this objection at the trial. The objection made at the trial, that "the proper foundation therefor has not been laid as required in such cases," was indefinite. "The objecting party should have indicated what foundation, under the circumstances, should have been laid." *Freeman v. Young*, 147 Ga. 699 (3a) (95 SE 236); *James v. State*, 215 Ga. 213 (109 SE2d 735).

2. Grounds 5, 6 and 8 complain of admission of testimony, elicited by the State from one of the condemnees on cross examination, and of a deed, showing the sale price of the remaining 126 acres of the condemnees' land that was not taken in this proceeding. The condemnees objected to this evidence on the ground that the land was sold during the pendency of this condemnation proceeding and the sale was not shown to be voluntary, and on the further ground that this evidence confused the jury on the issue of the fair market value and the consequential damages because the sale price included a residential dwelling on the land sold that was not there at the time a part of the condemnees' land was taken by the State. The Georgia courts recognize sales to purchasers with the power of eminent domain as forced sales and exclude evidence of the prices for such sales in condemnation proceedings. *Georgia Power Co. v. Brooks*, 207 Ga. 406, 410 (62 SE2d 183); *Garden Parks, Inc. v. Fulton County*, 88 Ga. App. 97 (76 SE2d 31); *State Hwy. Dept. v. Irvin*, 100 Ga. App. 624 (122 SE2d 216). Other jurisdictions have excluded evidence of prices on other sales deemed to be involuntary. 5 Nichols on Eminent Domain 463, § 21.32; 1 Orgel on Valuation Under Eminent Domain 99, § 22; 592, § 140. In Georgia it is left within the discretion of the trial judge, on admission of evidence of a sale of other property in a condemnation case, to determine whether the sale is comparable so as to throw light on the question of the fair market value of the property taken. *West v. Fulton County*, 95 Ga. App. 320, 321 (97 SE2d 785). By similar reasoning we should generally allow the trial judge to determine whether a sale of comparable property not made to a purchaser having the power of eminent domain was voluntary. It has been said

that there is a presumption that the price of land sold was fixed freely and not under compulsion. "In the absence of evidence warranting a finding that a sale is made under such compulsion as to make the price inadmissible as evidence of value, consideration may be given to the sale." 5 Nichols on Eminent Domain, 3d Ed., 462, § 21.32; cf. *Georgia Power Co. v. Hendricks*, 97 Ga. App. 369, 373 (103 SE2d 601). The mere fact that the sale was made after the condemnation is not a basis for its exclusion. *Kennedy v. State Hwy. Dept.*, 108 Ga. App. 1, 3 (132 SE2d 135). The condemnee in this case did not show that the sale in question was made under any legal compulsion or circumstances such that we would hold that the trial court abused its discretion in admitting evidence of it as a voluntary sale. Evidence of various factors affecting the sale price would affect the weight of the evidence.

3. Ground 7 complains that the trial court, upon objection by the condemnor, excluded certain testimony given on cross examination by an appraiser presented by the condemnees. The ground does not show that the condemnee objected at the trial to the ruling of the court excluding this testimony or otherwise sought to have it introduced in evidence. Hence the ground does not show error. *Kimbrel v. State*, 24 Ga. App. 696 (101 SE 920); *Culpepper v. Bower*, 203 Ga. 784, 788 (4) (48 SE2d 369); *State Hwy. Dept. v. Willis*, 106 Ga. App. 821, 823 (128 SE2d 351); Green, The Georgia Law of Evidence 28, § 11.

4. Ground 9 complains of the trial court's instruction to the jury that in arriving at the value of the land taken they might consider not only the use to which it was applied by the owner, but all purposes for which the land might or could be applied, on the ground that there was no evidence that the property had been used or might be used, or was valuable for, any purpose other than farming. The condemnee contends that the instruction tended to minimize the value of the property in the minds of the jury. In *State Hwy. Dept. v. Weldon*, 107 Ga. App. 98 (129 SE2d 396), the same objection was made to substantially the same charge, and it was held to be harmful error. There the objection was made by the condemnor, whose contention would have been that the charge tended to cause the jury to find too high a value for

the property. In the present case the condemnees do not show that the charge was harmful to them, and it was not reversible error.

5. Ground 10 contends that an instruction, that whether the condemnees were entitled to consequential damages was a question of fact for the jury to determine from the evidence under the rules of law given in the charge, was not adjusted to the evidence because all the evidence on the issue of consequential damages showed that the condemnees' remaining land was damaged by the taking, and there was no evidence that there were no consequential damages.

The question of consequential damages involves the consideration of the value of the remaining land before the taking and its value after the taking and a determination of whether or not there was a difference in the value before and after the taking. *Georgia Power Co. v. Pittman*, 92 Ga. App. 673, 675 (89 SE2d 577). The court in this case charged the jury that the measure of consequential damages is the diminution in the market value of the remainder of the condemnees' property caused by the taking of a part of it, and the charge complained of instructed that it was for the jury to determine whether the market value of the remaining land was diminished by the taking. Though all the witnesses testifying on the issue were of the opinion that there was some consequential damage to the remaining land, the weight and credibility of their testimony was for the jury. *Garner v. Gwinnett County*, 105 Ga. App. 714, 719 (125 SE2d 563). The question whether the taking resulted in diminution of the market value of the land not taken remained for the jury. If the condemnees considered that other instructions concerning the measure of consequential damages were needed to aid the jury they should have requested them. *Kane v. Standard Oil Co. of Ky.*, 108 Ga. App. 602, 604 (133 SE2d 913).

The condemnees have not argued and thus have abandoned the general grounds.

The trial court did not err in overruling the special grounds of the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED NOVEMBER 17, 1964.

*Hugh D. Wright, Maxwell A. Hines,* for plaintiffs in error.

*Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, J. Lundie Smith, Asa D. Kelley, Deputy Assistant Attorneys General, S. B. McCall,* contra.