## 41477. STATE HIGHWAY DEPARTMENT v. MUSGROVE et al.

PANNELL, Judge. 1. Under the authority of headnote 1 of *State Hwy. Dept. v. Rutland,* ante, the charges complained of in ground 4 of the motion for new trial were error..

2. It is not necessary, in view of the reversal under Division 1, that this court pass upon the alleged error in charging that the jury should find a fair and reasonable value of the property taken rather than market value. *State Highway Department v. Rutland,* 112 Ga. App. ante, headnote 2.

3. At the beginning of the brief of evidence appears to be a stipulation entered into at a pre-trial conference or at least prior to the introduction of testimony in the case which contains this stipulation: "That the issues for the jury are just and adequate compensation for the property taken and consequential damages or benefit to the remaining property." After the testimony of witnesses the last thing that appears in the brief of evidence is the following: "The Court: It is

agreed and stipulated that there were no damages or benefits to the remaining property not taken. The only thing to be considered by the jury is the actual value of the property with the improvements thereon actually taken." As this last stipulation in the brief of evidence appears to have been entered into after the evidence was in, we consider it the controlling stipulation as shown by the record. Under these circumstances, this latter stipulation is controlling over any statements to the contrary in the motion for new trial. See *Watkins Co. v. Seawright*, 40 Ga. App. 314 (4) (149 SE 389). It follows, therefore, that assignments of error based upon the failure of the trial court to charge the jury on the mechanics of measuring consequential damages was not error.

4. The trial court, in charging the jury generally on the right of the State to condemn, stated: ". . . the State cannot so take and use the property of any person in this State without compensating the owner for any damages, direct or consequential, that result from the taking and using of the property." And thereafter stated: "Now, there is only one damage that is involved in this controversy, that is, direct or actual, damages, that is, damages that result from taking of a quantity of land, and I believe it is 5½ acres, approximately, or whatever it may be as shown by the evidence. The State undertakes to seize and take and use for road purposes this 5½ acres of land of the McDermids. The State must pay them for that land its fair and reasonable value, and you determine what the fair and reasonable value is from the evidence submitted you." We see no conflict in the two charges, as contended in the assignments of error, as the trial court expressly limited the case to the direct or actual damages. Whether this charge is error for any other reason is not presented for decision by the assignments of error in this particular ground of the motion for new trial.

5. Evidence offered by the condemnor as to the sale by the condemnee to the condemnor for use as a borrow pit of a part of the tract from which the condemned tract was taken is not admissible in evidence either to show (1) consequential benefits to the land not taken, or (2) the value of the land taken; this for the reason the evidence of such a sale is not evidence of market value. See *Georgia Power Co. v. Brooks*, 207 Ga. 406, 409 (2) (62 SE2d 183); followed in *Garden Parks, Inc. v. Fulton County*, 88 Ga. App. 97 (2) (76 SE2d

31). *State Hwy. Board v. Shierling,* 51 Ga. App. 935 (1) (181 SE 885), where it was held that evidence of value for borrow pit purposes of land condemned for such purposes was admissible, is not controlling or applicable here. The trial court did not err in excluding such evidence upon objections made.

6. The evidence was sufficient to authorize the amount found by the jury. The jury are not confined to the testimony of any one witness in arriving at their verdict but may take various estimates of value of different items, making up the whole, from different witnesses.

*Judgment reversed. Felton, C. J., Bell, P. J., Frankum, Jordan, Hall, Eberhardt, and Deen, JJ., concur. Nichols, P. J., and Pannell, J., dissent.*

SUBMITTED SEPTEMBER 9, 1965—DECIDED NOVEMBER 30, 1965.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, S. B. BcCall, J. Lundie Smith, Asa D. Kelley, Jr., Deputy Assistant Attorneys General,* for plaintiff in error.

PANNELL, Judge, dissenting. I dissent from Divisions 1 and 2 of this opinion for the same reasons given in *State Hwy. Dept. v. Rutland,* ante. So that proper comparisons to the charges and exceptions may be made, I think it appropriate that the charges and the exceptions thereto in this case be set forth herewith. The following charges were excepted to as a whole in ground 4 of the motion for new trial:

"I charge you that in estimating the value of land when taken for public uses inquiry may be made as to all legitimate purposes to which the property could be appropriated or used, or to which it had been appropriated and used. The jury shall assess the value of the property taken and used and the damages done.

"In estimating its value the capabilities of the property and the use to which it is applied, and to which it had been applied are to be considered, and not the mere condition it is in at the time and the use to which it is then applied by the owner.

"All the facts as to the condition of the property and its surroundings and improvements and capabilities may be shown, and, if shown, be considered by the jury in estimating its value."

The exceptions were as follows:

"1. It is error to charge the jury that they can consider all uses to which the property may be put where, as here, there is no evidence that the property is suitable for any other use than the one to which it was being put at the time of the taking, or that it has ever been put to any other use, or that it has any possibility or capability of any other use.

"2. The charge is misleading in that it leads the jury to believe that they may disregard the present condition of the property and base the valuation of the property on possible improvements that may be put on it, rather than its condition at the time of the taking.

"3. There is no evidence that the property has any use or capability other than agriculture and it was error to charge the jury that they could consider all legitimate purposes to which the property could be appropriated other than the purpose for which it was used at the time of the taking."

There was evidence in the case that the property involved was used for farming; that a tenant house had been rented for the past four or five years at a stated rental; that about three acres of the land taken had been planted in pine trees under a Federal program for which the owner was paid $10 per year; that there were two tobacco barns, a stock barn and fencing on the property taken, and that part of property taken was in the city limits of Sparks, Ga.

It is my opinion that the judgment should be affirmed.

I am authorized to state that Nichols, P. J., joins me in this dissent.