41979.   STATE HIGHWAY DEPARTMENT v. CRONIC et al.

PANNELL, Judge.   1. Where 3.673 acres of a 40-acre tract of land plus a small drainage area was being condemned by the State Highway Department evidence that all of the 40 acres, except about two acres where the owner's home stood, was improved pasture, and part of the land taken was a narrow strip along a road on which the dwelling house of the owner faced, together with an additional portion of the two acres, the house sitting on a knoll, an ideal location for a home, with the front yard and lawn going all the way to the road, does not authorize an inference that the land taken was suitable for purposes other than agricultural so as to authorize the charge of *Code* § 36-505 which provides: "In estimating the value of land when taken for public uses, it is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated." *Central Ga. Power Co. v. Cornwell*, 139 Ga. 1, 6 (76 SE 387, AC 1914A 880) ; *State Hwy. Dept. v. Weldon*,

107 Ga. App. 98 (129 SE2d 396); *State Hwy. Dept. v. Allen,* 108 Ga. App. 388 (133 SE2d 64); *State Hwy. Dept. v. Godwin,* 109 Ga. App. 740 (137 SE2d 351); *State Hwy. Dept. v. Futch,* 109 Ga. App. 741 (137 SE2d 350); *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737, 739 (137 SE2d 371). In *State Hwy. Dept. v. Futch,* supra, a dwelling house on agricultural lands was a part of the property taken. Among the charges held erroneous in that case were the following two charges: "I charge you that in estimating the value of land when taken for public uses inquiry may be made as to all legitimate purposes to which the property could be appropriated or used," and "Where private property is taken, or sought to be taken, for public use the owner is entitled to compensation for its whole, and not for any particular purpose, but for all purposes to which it may or could be appropriated, as shown by the evidence." In the writer's opinion, the charge excepted to in the present case and the two charges above quoted are not erroneous in any condemnation case, as stated in my dissent in the cases of *State Hwy. Dept. v. Rutland,* 112 Ga. App. 792, 800 (146 SE2d 544) and *State Hwy. Dept. v. Musgrove,* 112 Ga. App. 801 (146 SE2d 550); however, I am bound by these decisions.

Nor is this testimony of a witness that, since the construction of of improvements, the two-acre home site is not suitable as a home nor is it suitable for business, alone sufficient to authorize an inference that either the land taken or the remainder was suitable for business purposes before the improvements. This testimony is purely negative in this respect. The enumeration of error by the appellant condemnor complaining of the charge of said Code section must be sustained under the authorities cited.

2. A drainage easement was condemned on a rectangular tract 150 feet by 200 feet. The condemnor appellant enumerates as error the following charge of the court: "Now, I charge you that the State is condemning certain easement rights in this property for drainage purposes. And I charge you, Gentlemen, that where another person, firm or corporation acquires an easement, either by purchase or condemnation over and upon the lands of another, such as a drainage easement, it constitutes a cloud upon the title of the owner's land upon which said easement is obtained. And sale made by the owner of said premises after said easement has been acquired, either by pur-

chase or condemnation, must sell the property over and upon which said easement has been obtained subject to the burden of such easement. I charge you that such a drainage easement as that condemned in this case constitutes a permanent cloud or burden upon the land of the Cronics and would remain as such upon said described land until such time as such easement may have been lost by abandonment or forfeit by nonuse."

Since the case is reversed for other reasons it is not necessary to determine whether this charge may be erroneous in that the jury might have understood the charge as stating the easement was a burden on, or a cloud upon the title of, all the land of the condemnee rather than just the portion on which the easement was operative, and the trial judge will no doubt remedy the inept language on the next trial of the case. Nor is it necessary to consider the enumeration of error that the evidence was insufficient to support the verdict found, other than to say the verdict was not demanded by the evidence. *Judgment reversed. Felton, C. J., and Frankum, J., concur.*

ARGUED MAY 2, 1966—DECIDED SEPTEMBER 6, 1966—REHEARING DENIED SEPTEMBER 27, 1966—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, Thomas H. Harper, Jr., John A. Darsey,* for appellant.

*Davis & Davidson, Jack S. Davidson,* for appellees.