### 45334. DEKALB COUNTY v. NOBLE et al.

PANNELL, Judge. In its petition seeking to condemn certain lands for highway improvements, a condemnor alleged that the condemnee owner had executed an option agreeing to sell the property sought to be condemned for a stated sum, but that since the owner and the holder of a security deed could not agree on the distribution of the purchase price, the condemnor decided to condemn. Upon motion, this allegation was stricken from the pleadings and the condemnor appealed. *Held:*

The trial judge did not err. It is not permissible in a condemnation case to prove what the condemnor paid others for similar property for the reason that in such transactions neither party is necessarily free from compulsion—the necessity to acquire as to the one party and the positive necessity to give up on the part of the other. *Ga. Power Co. v. Brooks,* 207 Ga. 406, 409 (62 SE2d 183); *Garden Parks, Inc. v. Fulton County,* 88 Ga. App. 97 (2) (76 SE2d 31); *State Hwy. Dept. v. Hollis,* 106 Ga. App. 669, 673 (127 SE2d 862); *Sumner v. State Hwy. Dept.,* 110 Ga. App. 646 (2) (139 SE2d 493). For the same reason the price at which the condemnee in this case may have offered to sell to the condemnor in this case is not admissible (*State Hwy. Dept.*

*v. Musgrove,* 112 Ga. App. 801 (5) (146 SE2d 550)); and for the further reason that an unaccepted offer to buy or sell property is not admissible to prove value. *State Hwy. Dept. v. Hilliard,* 114 Ga. App. 328 (2) (151 SE2d 491). Even should we consider this offer by the condemnee to the condemnor an admission by the condemnee as to value, it is an admission only to the extent that acting under compulsion (see the above cases) he was willing to sell for that figure. This evidence, under the above decisions, would not be evidence of market value. It follows, therefore, that since the evidence of the option to purchase the property sought to be condemned given by the condemnee to the condemnor at a stated price, would not be admissible on the trial of the case, there was no error in striking the pleading of such evidence from the petition for condemnation.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
SUBMITTED MAY 5, 1970—DECIDED JULY 13, 1970—
REHEARING DENIED JULY 30, 1970—

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.
*Mose S. Hayes,* for appellees.