52847. DEPARTMENT OF TRANSPORTATION v. EL CARLO MOTEL, INC.

McMURRAY, Judge.

This is a condemnation case and now involves only the judgment as to an advertising sign located on the land. An appeal from the declaration of taking was made by both parties and a jury trial resulted in a verdict in the sum of $12,196 for taking of the sign. The Department of Transportation being dissatisfied with this judgment as to the sign filed a motion for new trial which was denied, and the condemnor appeals. *Held:*

1. The first complaint is that the advertising sign contained 612 square feet, but the court allowed testimony of an appraiser over objection as to the

replacement cost of a sign containing twice the number of square feet, and that this sign is not comparable. However, there was testimony that the only way to consider a comparable sign would be to go back 660 feet from the interstate highway as required by the so-called "Lady Bird" Highway Beautification Act of 1965 (23 USCA § 131 et seq.). See also Code Ann. § 95A-915 (Ga. L. 1973, pp. 947, 1076; 1974, pp. 1422, 1432). The condemnee contends that the appraiser having knowledge of the requirement of placing the sign 660 feet from the highway was authorized to consider the cost of replacement of a sign which would be double the square footage of the sign being condemned in order that it be seen. Comparability is generally a matter for determination by the court. Admission of testimony relating thereto lies within the trial court's discretion. See *Weaver v. Ga. Power Co.,* 134 Ga. App. 696, 698 (215 SE2d 503); *State Hwy. Dept. v. Noble,* 114 Ga. App. 3, 6 (150 SE2d 174); *Southern Natural Gas Co. v. Waters,* 124 Ga. App. 45, 46 (183 SE2d 45). The court did not err in allowing the testimony as to the replacement cost of the sign which would contain twice the square footage of the present sign inasmuch as the appraiser witness testified it was necessary to double the size of the present sign in order to make it legible from the interstate highway. There is no merit in this complaint. See in this connection *State Hwy. Dept. v. Robinson,* 103 Ga. App. 12, 15 (2) (118 SE2d 289); *Bowers v. Fulton County,* 221 Ga. 731 (5, 6) (146 SE2d 884); *Housing Authority v. Savannah Iron &c., Inc.,* 91 Ga. App. 881, 882 (3, 4) (87 SE2d 671); *State Hwy. Dept. v. Augusta Dist. of North Ga. Conference of Methodist Church,* 115 Ga. App. 162 (1-b) (154 SE2d 29); *Elbert County v. Brown,* 6 Ga. App. 834, 837 (86 SE 651). This is true even though the condemnor offered testimony on cross examination that there was a possibility of four permissible sign locations in the vicinity (1 1/4 miles) which were available which would not require that the signs be placed 660 feet from the right-of-way. A jury issue was thus made by conflicting testimony.

2. Over objection of the condemnor a witness for the condemnee was allowed to testify about the sale of a sign which was under threat of condemnation by the

Department of Transportation of the State of Florida. This was a comparable sign which had been located just south of the Florida-Georgia line about 30 miles from the sign in question. Over objection, condemnee's witness who had actual knowledge of the negotiations involved in the sale of the sign in Florida testified that the condemnee had negotiated for a price of $10,000 and the State of Florida paid $7,960. The general rule as recognized by the courts of this state is that it is not competent to offer proof of what the condemnor has paid others for similar takings and is based upon the consideration that in such transactions neither party is necessarily free from compulsion — the necessity to acquire as to one party and the positive necessity to give up on the part of the other. *Sumner v. State Hwy. Dept.,* 110 Ga. App. 646, 647 (2) (139 SE2d 493); *Ga. Power Co. v. Brooks,* 207 Ga. App. 406, 410 (62 SE2d 183); *DeKalb County v. Noble,* 122 Ga. App. 373 (177 SE2d 117). These same compulsions were present in the sale of condemnee's sign in Florida. Therefore, it was error to allow testimony regarding that sale.

3. The next objection is to the allowance in evidence of an exhibit of the proposal in writing of a sign builder to build the replacement sign in the amount of $10,810 which was shown to be twice the square footage to be built 660 feet from the right-of-way of the interstate highway. For the reason stated in Division 1 there is no merit in this complaint.

4. Condemnor's next objection is to a charge by the court that if the person is required to move all or a portion of his business (the removal of the sign) as a result of land condemnation he is entitled to recover losses and injury to and diminution of business and reasonable expenses for moving the business or a part thereof, in addition to damages of any sort pertaining to the land. The court then applied this statement of the law and advised the jury that "if you find that the sign in question in this case is a part of a business, . . . if . . . the sign will have to be moved as a result of land condemnation — then the owner of the sign would be entitled to recover any loss of profits, losses, injury to, or diminution of business and the reasonable expenses of moving a sign in addition to damages of any sort pertaining to the land value." Exception was made at

the proper time that there was no evidence as to damage to the business as a result of the sign being moved, hence, the charge was erroneous. The condemnor had the burden of proving the value of the property taken, of just and adequate compensation therefor, including consequential damages, if any. But this does not preclude or stop the condemnor from complaining of a charge on the ground that the value of the property right sought to be condemned was not proven. *State Hwy. Dept v. Kinsey,* 131 Ga. App. 770 (2) (206 SE2d 835); *State Hwy. Dept. v. Murray,* 102 Ga. App. 210 (115 SE2d 711). We find no evidence of a loss of profits, losses and injury to, or diminution of the business. This charge was erroneous.

5. Condemnor urges that the evidence was insufficient to support the verdict in that it was in excess of that authorized by the evidence citing *State Hwy. Dept. v. Chance,* 122 Ga. App. 600 (4) (178 SE2d 212). It contends that there was no evidence of proper appraisal except its own. However, as ruled in Divisions 1 and 3, there was ample evidence from which the jury made its decision as to value. There is no merit in this complaint.

*Judgment reversed. Quillian, P. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 12, 1976 — DECIDED DECEMBER 1, 1976 — REHEARING DENIED DECEMBER 15, 1976 — 

*Walker, Yancey & Gupton, Fred H. Walker,* for appellant.

*Barham & Bennett, Ed. G. Barham,* for appellee.

