### 61012. OGLETHORPE POWER CORPORATION v. SEASHOLTZ et al.

CARLEY, Judge.

Appellant sought to condemn a right of way to construct and operate a transmission line over 3.1 acres of appellee Seasholtz' land. Deeming the finding of the appointed special master as to the value of the easement to be inadequate, Seasholtz filed a notice of appeal pursuant to Code Ann. § 36-614a seeking a jury trial as to the issue of just and adequate compensation. Evidence concerning the value of the easement was presented at trial by both sides. The jury returned a

verdict for Seasholtz in the amount of $20,000. Appellant appeals from the judgment entered on the jury verdict.

1. In its first three enumerations of error appellant asserts that the trial court erred in allowing into evidence two deeds conveying title to land located near the Seasholtz property and testimony pertaining to the realty conveyed by these two deeds. Appellant contends that the sales evidenced by the two deeds were *not* "comparable sales" having a bearing upon the value of the subject easement, and further that one of the deeds represented a sale of land to a condemning authority and was, therefore, inadmissible.

We find no error in the admission of the deed and testimony concerning the sale of land between private parties. "Generally, evidence of sales of property similar to that in question made at or near the time of the taking is competent evidence and may be considered to throw light on the issue of the value of the property sought to be condemned. [Cits.] However, as to whether or not the witness testified as to comparable properties similar to that in question is within the sound discretion of the trial judge." *City of Atlanta v. Brookins,* 147 Ga. App. 869, 870-871 (250 SE2d 577) (1978). Appellant has shown no abuse of discretion by the trial court in admitting the deed and testimony pertaining to the relatively recent sale of property concluded between private parties as evidence of a "comparable sale" having a bearing on the issue of the valuation of the easement sought. Appellant's argument to the contrary is unpersuasive.

Also, we find that appellant has waived any right to enumerate as error the admission in evidence of the deed to another condemning authority and testimony relating thereto. It is true that the courts of this state have long held that sales of land to condemning authorities are inadmissible as evidence in condemnation proceedings on the issue of the value of the land sought to be condemned. See *Ga. Power Co. v. Brooks,* 277 Ga. 406 (2) (62 SE2d 183) (1950); *Dept. of Transp. v. El Carlo Motel,* 140 Ga. App. 779 (2) (232 SE2d 126) (1976); *DeKalb County v. Noble,* 122 Ga. App. 373 (177 SE2d 117) (1970); *Sumner v. State Hwy. Dept.,* 110 Ga. App. 646 (2) (139 SE2d 493) (1965); *Garden Parks, Inc. v. Fulton County,* 88 Ga. App. 97 (2) (76 SE2d 31) (1953). This rule has a valid historical and pragmatic basis and we recognize and endorse its continuing viability. However, the law is *also* clear that "[t]hough the admission of certain testimony objected to be erroneous, a reversal will not result where other testimony to the same effect and of like nature was introduced without objection." *Sapp v. Callaway,* 208 Ga. 805 (3) (69 SE2d 734) (1952). The record discloses that appellant failed to object to testimony concerning the sale to a condemning authority elicited from appellant's own witness

on cross-examination *prior* to the admission of the subject deed and testimony. As a result, appellant will not now be heard to complain of error in this regard.

2. Appellant next enumerates as error the failure of the trial court "to charge the jury [appellant's] Request to Charge No. 8 and failing to charge elsewhere the law of Georgia as applied to this case regarding the legal way to appraise the easement involved."

This enumeration is without merit. Appellant's eighth requested instruction is extremely vague and completely fails to set forth any pertinent principles of law. Moreover, we find that the charge actually given by the trial court adequately informed the jury of the applicable legal standards to be utilized in its determinations. Appellant has failed to demonstrate error in this regard.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED FEBRUARY 6, 1981 —
REHEARING DENIED MARCH 3, 1981.

*E. Kontz Bennett, Sr., E. Kontz Bennett, Jr., Harry D. Dixon, Jr.,* for appellant.
*J. Baker McGee,* for appellees.