71063. JORDAN et al. v. DEPARTMENT OF
TRANSPORTATION.
(342 SE2d 482)

SOGNIER, Judge.

Henry J. Jordan and others bring this appeal from the jury verdict awarding them the sum of $285,000 as just and adequate compensation for 7.377 acres of property condemned by the Department of Transportation.

1. Appellants contend the trial court erred by refusing to allow testimony by appellant Jordan concerning actual prior sales of property to various condemning authorities as among the factors Jordan considered in arriving at his non-expert opinion. " 'It is true that the courts of this state have long held that sales of land to condemning authorities are inadmissible as evidence in condemnation proceedings on the issue of the value of the land sought to be condemned. [Cits.]' [Cit.] '[T]his general rule [is] based upon the consideration that in such transactions neither party is necessarily free from compulsion — the necessity to acquire as to the one party and the positive necessity to give up on the part of the other.' *Ga. Power Co. v. Brooks*, 207 Ga. 406, 410 (62 SE2d 183)." *Collins v. MARTA*, 163 Ga. App. 168, 170 (7) (291 SE2d 742) (1982). This "valid historical and pragmatic basis" for the exclusion of evidence of land sales to condemning authorities, *Oglethorpe Power Corp. v. Seasholtz*, 157 Ga. App. 723, 724 (1) (278 SE2d 429) (1981), is applicable to such evidence regardless whether the evidence of land sales to condemning authorities is sought to be introduced as direct evidence of value or as indirect evidence supporting a non-expert's opinion of value. While we have no disagreement with appellants' statement that unaccepted offers to purchase the condemned property, inadmissible as direct evidence of value, have been held admissible as indirect evidence in partial support of a non-expert's value opinion, see *Sutton v. State Hwy. Dept.*, 103 Ga. App. 29, 32 (4) (188 SE2d 285) (1961), we are not persuaded by appellants' argument that such offers to buy, lacking in any coercion as evidenced by the fact they were not accepted, are comparable in any way to forced sales made under compulsion to condemning authorities.

Therefore, we hold that sales of land to condemning authorities are inadmissible either as direct or indirect evidence in condemnation

proceedings on the issue of the value of the land sought to be condemned and the trial court properly refused to allow Jordan's testimony concerning actual prior sales of property to various condemning authorities. See *Collins, supra* at 171 (7).

2. Appellants contend the trial court erred by ruling inadmissible two executory contracts, dated December 1984, and 1985, respectively, for the sale of the remainder of appellants' property on the basis that, the taking having occurred in February 1980, the contracts were too remote in time and too speculative. In *Dept. of Transp. v. Cochran*, 160 Ga. App. 583 (1) (287 SE2d 599) (1981), this court recognized that "[i]n condemnation cases where comparable sales are offered in evidence to explain the value testimony of expert witnesses, it is frequently held that mere options and other unaccepted offers to purchase or sell [comparable properties] are inadmissible as having no substantial probative value. [Cits.]" The trial court ruled in *Cochran* that while expert witnesses could not refer to mere options on comparable property, they could refer to and base opinions on contracts of sale even though not closed, treating them as sales for the purpose of comparable valuation. Id. at 584. While we are aware that *Cochran* held that, even if allowing the evidence was error it had been rendered harmless because the contract had closed by the time the appeal reached this court, nevertheless, we view the result in *Cochran* as sound and apply it in the case sub judice. Our examination of the two contracts reveals that they were not mere offers but constituted contracts of sale even though not closed and thus could be treated as sales for the purpose of comparative valuation by appellants' expert witness.

Thus, the only question before us is whether the trial court properly excluded the two executory contracts because they were remote and speculative. The Supreme Court in *White v. Ga. Power Co.*, 237 Ga. 341 (227 SE2d 385) (1976) (overruled on other grounds, *DeKalb County v. Trustees, &c. Elks*, 242 Ga. 707 (251 SE2d 243) (1978)) cited with approval the holding in *Hollywood Baptist Church v. State Hwy. Dept.*, 114 Ga. App. 98, 100 (150 SE2d 271) (1966) to the effect that an expert can use evidence of sales of comparable property "not too remote in point of time" in his explanation as to how he arrived at his valuation. However, the Supreme Court proceeded to note, " 'whether or not the property is sufficiently similar, and the sale sufficiently close in point of time, is evidence from which the jury may determine the credibility of the expert and, even though of doubtful probative value, is admissible for this purpose.' " *White, supra* at 345-346 (3). See also *Panos v. Dept. of Transp.*, 162 Ga. App. 53, 55-56 (10) (290 SE2d 295) (1982); *Merritt v. Dept. of Transp.*, 147 Ga. App. 316, 319 (3) (248 SE2d 689) (1978).

Thus, the trial court erred by refusing to allow appellants' expert

witness to use evidence of these two contracts as the bases of his opinion. Id. We specifically note that appellants offered this evidence in regard to testimony by their expert witness. " 'While it is not necessary that an expert witness state the facts upon which he bases his opinion [OCGA § 24-9-67], it is error to refuse to permit him to do so for the purpose of showing the basis of the opinion . . . It matters not whether the facts are sought from the witness while on direct or cross-examination. These may or may not be admissible as direct proof of value, depending upon their nature, but they are generally admissible for showing the basis of the expert's opinion as to value and *for enabling the jury to evaluate its weight . . .*' " (Emphasis supplied.) *White,* supra at 347 (3). We, therefore, find it unnecessary to address the question whether this evidence was properly excluded as a basis for appellant Jordan's non-expert opinion on value.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1986 —
REHEARING DENIED MARCH 7, 1986.

*Earle B. May, Jr.,* for appellants.
*Charles C. Pritchard, Robert O. Smith, Special Assistant Attorneys General,* for appellee.