A94A2294. GEORGIA NEUROSURGICAL CLINIC, P.C. PROFIT SHARING PLAN et al. v. ROCKDALE COUNTY.
(453 SE2d 88)

BEASLEY, Presiding Judge.

In order to construct and operate a reservoir, Rockdale County filed a condemnation petition to acquire fee simple title to approximately 98.62 acres and a buffer easement in 8.78 acres within a tract owned by appellant. The special master entered an award in the amount of $309,030 representing the fair market value of the property taken. On appeal by the property owner, the jury returned a verdict in the amount of $292,211. The appeal is from the final judgment and the order denying the property owner a new trial.

1. It contends that the court erred in denying it the right to cross-examine the county's real estate expert Carr regarding his appraisals of similar property on behalf of the county.

The property owner was cross-examining Carr concerning other property which adjoined the subject property as well as the reservoir and which was slated to be acquired by the county. After Carr testified that he did not know whether this property had been acquired, the property owner asked whether he had been employed by the county to appraise it. The court sustained an objection by the county to the question before it stated the ground for objection.

In moving for a new trial because of the court's refusal to allow Carr to answer this question, the property owner submitted an affidavit executed by the adjoining owner. He testified that his property was purchased by the county as replacement wetlands to mitigate the loss of wetlands destroyed by the reservoir project (see Division 2, infra), that the agreed per-acre value was approximately twice as high as the value placed on the subject acreage by the jury, and that the property was appraised by Carr's firm. In this case, Carr testified that the presence of property within a flood plain (i.e., wetlands) on the subject tract was a significant factor detrimental to its value. The property owner argues that it had a right to cross-examine Carr to ascertain whether he had employed inconsistent appraisal methods or arrived at inconsistent opinions as to the value of similar property.

The county responds that the testimony sought to be elicited by the question was inadmissible under *Jordan v. Dept. of Transp.,* 178 Ga. App. 133 (1) (342 SE2d 482) (1986). *Jordan* recognizes that the courts of this State have long held that sales of land to condemning authorities are inadmissible as evidence in condemnation proceedings on the issue of the value of the land sought to be condemned.

" '(T)his general rule (is) based upon the consideration that in such transactions neither party is necessarily free from compulsion — the necessity to acquire as to one party and the positive necessity to give up on the part of the other.' " Id. However, the testimony sought by the property owner concerned Carr's appraisal of the other property, not its sale price to the condemnor. Consequently, reliance upon *Jordan* is misplaced.

The county also argues that the property owner could have presented the desired evidence by calling the adjoining property owner as its own witness. While that is true, it begs the question, and the law grants a party the right to a thorough and sifting cross-examination of opposing witnesses. OCGA § 24-9-64. No precedent is offered which declines to find harmful error in the denial of the right of cross-examination on the ground that the complaining party could have introduced the testimony by other means.

As in *Harrison v. Regents of the University System of Ga.*, 99 Ga. App. 762, 766 (1) (109 SE2d 854) (1959), the issue does not involve the court's discretion in curtailing prolonged cross-examination. Instead, it centers on the court's erroneous refusal to permit the witness to answer a question relating to the witness' appraisal of other similar property which was pertinent to the issue of the value of the condemned property.

2. Also challenged is the court's denial of the right to cross-examine Carr on whether efforts by the State to purchase wetlands for mitigation purposes influenced the value of wetlands in Rockdale County.

The property owner was cross-examining Carr as to whether recently-enacted federal law requiring replacement of destroyed wetlands enhanced the value of property previously unusable but now suitable for wetland replacement. Carr stated that he could not testify on land prices but could state that there are parcels which had very little utility before but have value now for this purpose. Carr was asked if he knew whether the State of Georgia was looking for such property in Rockdale County. The court sustained the county's objection, again before it stated the ground.

The county argues that the testimony sought to be elicited concerned the acquisition of wetland property by the State and was likewise inadmissible under *Jordan*. To the contrary, the question was calculated to elicit evidence that such a demand by the State exerted an upward influence on the value of such property. This would be relevant to the material issue of the value of the condemned property and should have been allowed.

3. The property owner contends that the court erred in permitting the county to display to the jury a plat showing the layout of the portion of the tract not being condemned as well as the portion being

condemned for a buffer easement.

The court ruled that the county could use the plat only for the purpose of showing the use to which the buffer zone could be put. Evidence of consequential benefits to the portion not being condemned is generally not admissible because consequential damages to that portion are not sought. *Ivy Inn v. MARTA*, 255 Ga. 557, 559 (340 SE2d 600) (1986). However, the evidence in controversy was relevant to a determination of the value of the land condemned for a buffer easement. The court did not err in allowing it despite its tendency to show that the remainder was benefited by some unspecified amount. *Merritt v. Dept. of Transp.*, 147 Ga. App. 316 (1) (248 SE2d 689) (1978).

The property owner did not object at trial to admission of the plat on the ground that it was not properly authenticated. Therefore, this ground is not reviewable. *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 131 (2) (421 SE2d 555) (1992).

4. The property owner contends that the court erred in denying its motion in limine regarding comparable sales and in admitting evidence of other land sales in support of Carr's expert opinion as to the value of the subject property. It argues that the other sales were not comparable since they were not made at or near the time its property was taken in December 1993.

The other sales involved land adjacent to the subject property sold in July 1986, the property owner's purchase of the subject property in two transactions in July 1987, reservoir frontage sold in 1988, property on the back of the reservoir sold in 1989, a sale in the area of the reservoir in 1989, and another sale in 1990. These sales of comparable property and of the subject property were not too remote, legally speaking, to be relevant. Thus, the denial of the property owner's motion in limine was not error and the court did not abuse its discretion by permitting the admission of this evidence. See generally *Hollywood Baptist Church of Rome v. State Hwy. Dept.*, 114 Ga. App. 98, 100 (4) (150 SE2d 271) (1966).

5. The property owner contends that the court erred in admitting rebuttal evidence as to the fair market value of the property condemned without any request by the county that it be allowed to re-open its case.

After both parties had rested, the county called a witness to rebut the testimony of one of the property owner's experts that he had appraised the subject property through separate valuations of dry land, creek area, and flood plain. The court ruled that the county's witness could give rebuttal testimony as to his valuation of the constituent parts of the subject property, but not to the valuation of the overall tract since the county had already presented that evidence. This action did not constitute legal error.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

<span style="text-align:center">DECIDED DECEMBER 19, 1994 —
RECONSIDERATION DISMISSED JANUARY 10, 1995.</span>

*W. Dan Greer,* for appellants.

*Maddox, Starnes & Nix, John A. Nix, Thomas A. Bowman, Michael S. Waldrop,* for appellee.