A06A0460. GWINNETT COUNTY v. HOWINGTON et al.
(634 SE2d 157)

MILLER, Judge.

Gwinnett County (the "County") initiated condemnation proceedings to acquire two easements on a twenty-six acre tract of land owned by Grady Howington. A month later, the 26-acre tract was rezoned for commercial and high density residential use. A year after that, the Gwinnett County School District (the "School District") condemned the entire 26-acre tract of land. When the County's condemnation action thereafter went to trial, Howington moved in limine to exclude any evidence of the School District's taking, arguing that the School District's condemnation of the 26 acres was irrelevant to determining the value of the easements that the County was seeking to acquire. The trial court agreed, and granted Howington's motion in limine. Following a jury award for Howington that reflected the jury's agreement with Howington's expert's testimony as to property value and consequential damages, the County now appeals the grant of Howington's motion in limine. We discern no error and affirm.

A motion in limine is properly granted when "there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. [Cit.]" *Andrews v. Wilbanks*, 265 Ga. 555, 556 (458 SE2d 817) (1995). Irrelevant evidence that does not bear directly or indirectly on the questions being tried should be excluded. See OCGA § 24-2-1; see also *Ballew v. Kiker*, 192 Ga. App. 178, 179 (2) (384 SE2d 211) (1989) (trial court properly excluded irrelevant evidence).

The record reveals that in June 2004, the County initiated condemnation proceedings to acquire a permanent construction easement of 27,750 square feet for a sewer line and a temporary construction easement of 25,045 square feet on Howington's 26-acre tract of land. At that time, the property was zoned for low density residential use, but Howington had already applied to have the property rezoned. A month after the County filed its action, the twenty-six acres was rezoned to allow approximately five acres of it to be developed for general commercial use, and the remainder for high density residential purposes.

A year after the County had initiated its condemnation proceedings, the School District condemned Howington's 26 acres of land. Prior to the trial on the County's action to acquire the easements, however, Howington moved in limine to exclude any evidence that the property had been taken by the School District. The trial court granted the motion.

At trial, Howington's expert appraiser testified that, based on the rezoning, the County's proposed development plan, and the value of comparable properties zoned for high density residential use, just and adequate compensation for the taking was $132,480. The jury returned a verdict awarding Howington $133,000, and the County appeals.

The County argues that it should have been allowed to introduce evidence of the School District's condemnation of Howington's 26 acres. The County claims that this evidence was relevant to challenge Howington's expert's opinions as to the value of the easements in question and consequential damages to the remainder of the property. The County contends that since the property had been purchased at a compulsory sale and could no longer be developed in the manner in which it was rezoned (i.e., for high density residential and general commercial use), the School District's taking could properly be introduced to show that Howington's expert used incorrect land values in reaching his conclusions and had no basis for claiming consequential damages to the remainder of the property. We disagree.

"[T]he courts of this state have long held that sales of land to condemning authorities are inadmissible as evidence in condemnation proceedings on the issue of the value of the land sought to be condemned." (Citations omitted.) *Oglethorpe Power Corp. v. Seasholtz*, 157 Ga. App. 723, 724 (1) (278 SE2d 429) (1981); see also *Jordan v. Dept. of Transp.*, 178 Ga. App. 133 (1) (342 SE2d 482) (1986). Evidence of such a compulsory sale through condemnation is inadmissible in a condemnation action regardless of whether one seeks to introduce it as direct or indirect evidence of value. See *Jordan*, supra, 178 Ga. App. at 133 (1).

Here, the County attempted to introduce evidence of the School District's condemnation to show indirectly that the value of the property that it was condemning was less than that proposed by Howington's expert. We find that the admission of such evidence would have been improper because (1) Howington's compulsory sale of the 26 acres to the School District a year *after* the County initiated its condemnation action would not have affected the value of Howington's land at the time of the County's taking a year earlier (see *Wright v. MARTA*, 248 Ga. 372, 373 (283 SE2d 466) (1981) ("[w]here there is a physical taking of land, just and adequate compensation for the taking is determined as of the date of taking. [Cits.]")), and (2) the School District's inability to use the property as rezoned did not change the fact that the property was already in the process of being rezoned in a manner that affected its value for purposes of just and adequate compensation to Howington at the time of the County's taking. See, e.g., *Carriage Hills Assoc. v. Municipal Elec. Auth.*, 264 Ga. App. 192, 193 (1) (590 SE2d 156) (2003) (in determining value, jury may appropriately consider all reasonable and probable purposes and uses to which the property might be adapted).

As of the date that the County initiated its condemnation proceedings, Howington owned the 26-acre tract of land upon which the easements were located, and the property was in the process of being rezoned. In this regard, there was no basis for the County to use evidence of the School District's taking of the 26 acres a year later to diminish the compensation to which Howington was entitled on the date of the County's taking.

The trial court properly granted Howington's motion in limine.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 10, 2006.

*Carothers & Mitchell, Richard A. Carothers, Cheryl R. Benton Reid*, for appellant.

*George G. Dean II*, for appellees.